UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

ARMAND CORLEW, et al.,

                    Plaintiffs,                    07 CV 3258 (KMW)

            -against-

GENERAL ELECTRIC COMPANY., et al.,

                    Defendants
_____X

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(b), 1452(a), and 1453(b), defendants General

Electric Company (GE), Monsanto Company (Monsanto), and Pharmacia Company

(Pharmacia) (collectively "defendants") hereby remove this action to the United States

District Court for the Southern District of New York.  As grounds for this relief,

defendants state:

1.      On or about March 13, 2007, plaintiffs filed this action in the Supreme

Court of the State of New York, County of New York, and caused a summons to be

issued. Defendants GE, Monsanto and Pharmacia were served with a summons and

complaint on April 2, 2007.  Defendant Solutia, Inc. (Solutia) was served with a

summons and complaint on April 20, 2007. A true and correct copy of each said

summons and the complaint is attached as Exhibit A.

2.      This is a putative class action seeking monetary damages as a result, inter

alia, of alleged diminution in the value of plaintiffs' real property due to alleged exposure

to polychlorinated biphenyls (PCBs).  The complaint alleges that Monsanto, Pharmacia

and/or Solutia manufactured the PCBs.  It alleges that GE disposed of them at its facility

in Schenectady, New York. The complaint also includes claims for personal injury and medical monitoring.

3. Plaintiffs' counsel previously filed two related cases in the Supreme Court of the State of New York, County of New York styled *Michael Abbatiello, et al. v. Monsanto Co.*, et al.; Index No.: 116929/05 and *Alan Abele, et al. v. Monsanto Company et al.*; Index No. 103591/06. Those cases were timely removed by defendants to this Court and assigned respectively Case No.: 06 CV 0266 (KMW) and Case No. 06 Civ. 3461 (KMW). Plaintiffs' Motions to Remand were denied in both related cases by Orders dated March 8, 2007, attached hereto as Exhibit B. The allegations in the related cases against Monsanto, Pharmacia and Solutia are the same or essentially similar to those asserted in the instant case against those three defendants and we have filed this removed action as a "Related Civil Case."

## First Basis For Removal (CAFA)

4. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(d), and the action is removable under 28 U.S.C § 1453(b), in that this is a putative class action with at least minimal diversity and the amount in controversy exceeds $5 million.

5. All of the named plaintiffs are citizens of New York. Compl. ¶¶ 2-6. The complaint defines the class as all persons who owned and/or occupied property with a five-mile radius of the GE plant in Schenectady. Compl. ¶ 12. The complaint alleges continuous injury from the 1930's to date, Compl. ¶ 93; 97, so the class includes everyone who owned and/or occupied property in the relevant area between the 1930's

2

and the present.  Thus, at least some of the members of the plaintiff class are citizens of New York.

6.    GE is a corporation organized and existing under the laws of the State of New York, Compl. ¶ 9, with its principal place of business in the State of Connecticut.

7.    Monsanto is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Missouri.

8.    Pharmacia is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New Jersey.

9.    Solutia is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Missouri.

10.    At least one member of the plaintiff class is therefore diverse from Monsanto, Solutia and Pharmacia, thereby satisfying the minimal diversity requirements of § 1332(d)(2).

11.    The complaint seeks damages in amounts varying between $2 billion in actual damages and $2 billion in punitive damages against GE and against the other defendants and $20 billion in actual damages and $20 billion in punitive damages against GE and against the other defendants.  Compl. pp. 38-40.  Thus, the complaint satisfies the $5 million jurisdictional amount set forth in § 1332(d)(2).

12.    Under § 1453(b), the consent of Solutia is not required for removal under the Class Action Fairness Act (CAFA); however, Solutia has consented to the removal and has authorized the removing defendants to represent as much to the Court.

3

**Second Basis For Removal (Federal Question)**

13.     In the alternative, this Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367(a), and the action is removable pursuant to 28 U.S.C. § 1441(b), in that the Fourteenth Count against GE arises under federal law and the Court has supplemental jurisdiction over the remaining counts.

14.     The Fourteenth "Cause of Action" against GE purports to arise under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601 et seq. Since federal law creates the cause of action, it necessarily arises under federal law for purposes of § 1331.

15.     The Court has supplemental jurisdiction over the other claims against GE, and the claims against Pharmacia, Monsanto and Solutia, under § 1367(a), in that those claims arise from a common nucleus of operative facts with the CERCLA claims, and hence are part of the same case or controversy.

16.     Solutia has consented to the removal of this action on federal question grounds and has authorized the removing defendants to so represent to the Court. Its written consent will be filed separately.

**Third Basis For Removal (Bankruptcy)**

17.     In the alternative, this Court has jurisdiction of this action pursuant to 28 U.S.C §§ 157 and 1334, and the action is removable pursuant to 28 U.S.C. § 1452(a), in that this action is related to Solutia's pending bankruptcy.

18.     To understand why, it is necessary to provide a brief history of the three corporate defendants in this case (other than GE):   Pharmacia Corporation, f/k/a Monsanto ("Old Monsanto"); Monsanto Company ("New Monsanto"); and Solutia, Inc.

4

19.     Prior to 1997, Old Monsanto was engaged in the manufacture of, among other things, chemicals, pharmaceuticals and agricultural products.  In the mid-1930's, Old Monsanto acquired Swann Chemical Co.  From and after the date of that acquisition, Old Monsanto was effectively the sole U.S. manufacturer of PCBs.

20.     On September 1, 1997, Old Monsanto spun off certain of its chemical businesses into Solutia, an independent, publicly-owned company, pursuant to a Distribution Agreement (the "Distribution Agreement") between Old  Monsanto and Solutia.  See Exhibit C.

21.     Under the terms of the Distribution Agreement, Solutia expressly assumed financial responsibility for, and agreed to indemnify Old Monsanto for, all claims, expenses, and/or liabilities related to the former PCB business.  See id., §§ 1.01(19), 1.01(36), 4.03(b); Schedule 1.10(36)(a).

22.     In 2000, Old Monsanto merged with Pharmacia & UpJohn, Inc., a publicly-owned pharmaceuticals company, with Old Monsanto being the surviving corporation.  Upon completion of the merger, Old Monsanto changed its name from Monsanto Company to Pharmacia Corporation.

23.     Later in 2000, Pharmacia transferred its agricultural business to a newly-created corporation named Monsanto Company – New Monsanto.  New Monsanto never manufactured, sold, or distributed PCBs.  New Monsanto later became an independent, publicly-traded company.

24.     On July 1, 2002, Old Monsanto, New Monsanto and Solutia entered an Amendment to the Distribution Agreement.  Under the terms of the Amendment, Solutia is expressly obligated to indemnify, defend and hold harmless both Old Monsanto and

New Monsanto for all claims, expenses and/or liabilities related to the former PCB Business. A true and correct copy of the Distribution Agreement, relevant schedule, and the Amendment are attached collectively to this Notice as composite Exhibit C.

25. Pursuant to the terms of the Distribution Agreement, Solutia is expressly obligated to indemnify and defend Old Monsanto and New Monsanto and bear full responsibility for all costs and expenses associated with the defense of this action. In addition, under the terms and conditions of the Distribution Agreement, Solutia is obligated to pay any judgment entered against Old Monsanto or New Monsanto in this action.

26. On December 17, 2003, Solutia filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in Case No. 03-17949(PCB) (the "Bankruptcy Action"). Solutia is a debtor and debtor in possession in the Bankruptcy Action, which is being jointly administered for procedural purposes under the case In re Solutia Inc., et al., Case No. 03-17949(PCB). A copy of Solutia's voluntary Chapter 11 Petition filed with the Bankruptcy Court is attached as Exhibit D.

27. By reason of these contractual arrangements, all claims in this action against Old Monsanto and New Monsanto are effectively claims against Solutia as a debtor and debtor in possession. Further, all litigation costs and expenses incurred by New Monsanto and Pharmacia in defense of the litigation are claims against Solutia. Plaintiffs have sought, variously, between $2 billion and $20 billion in actual damages

and between $2 billion and $20 billion in punitive damages. As a result, this action will have a significant effect on the administration of the estate.

28.     Section 1452 is a broad grant of jurisdiction to remove cases relating to bankruptcy cases. As a matter of law, claims for indemnification and/or contribution of this magnitude relate to the Solutia bankruptcy. In addition, a single defendant may remove under § 1452 without consent of the other defendants, although Solutia has been advised of and has consented to this removal based on its relationship to the Solutia bankruptcy. Solutia's Notice of Consent to Removal is attached hereto as Exhibit E.

## Procedural Matters

29.     This is the proper Court in which to remove this action pursuant to 28 U.S.C. § 1441(a), in that the original action was filed in the Supreme Court of the State of New York, County of New York, which is within this judicial district.

30.     This Notice is timely, pursuant to 28 U.S.C. § 1446(b) and Federal Bankruptcy Rule 9027, in that the removing defendants were each served on April 2, 2007, and have filed this notice within 30 days thereof. All process and complaints served upon defendants are attached as exhibits to this notice.

31.     This action includes personal injury tort claims which must be tried in the District Court pursuant to 28 U.S.C. §157(b)(5). Upon removal, this action will be a non-core proceeding under 28 U.S.C. § 157(b). Defendants do not consent to the entry of final orders or judgment by the bankruptcy judge.

32.     Pursuant to 28 U.S.C. § 1446(d) and Federal Bankruptcy Rule 9027, defendants will advise the Clerk of the Supreme Court of the State of New York, County of New York, of the removal of this action by filing a copy of this notice with the Clerk.

Wherefore, defendants General Electric Company, Monsanto Company, and Pharmacia Company respectfully remove this action to the United States District Court for the Southern District of New York.

Dated: New York, New York
April 23, 2007

LEADER & BERKON LLP

By: _____

JAMES K. LEADER (JL-9417)
THOMAS K. RICHARDS (TR 8945)
630 Third Avenue 17th Floor
New York, New York 10017
(212) 486-2400

Thomas M. Carney
Mark G. Arnold
Carol A. Rutter
Adam Miller
HUSCH & EPPENBERGER, LLC
The Plaza in Clayton Office Tower
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Phone: 314.480.1500
Fax: 314.480.1505

*Attorneys for Monsanto Company and
Pharmacia Corporation*

BOND, SCHOENECK & KING, PLLC

By: _____/s/_____

ARTHUR J. SIEGEL (AS-5181)
111 Washington Avenue
Albany, New York  12210
(518) 533-3000

*Attorneys for General Electric Company*

8