# EXHIBIT
# A

**CT** CORPORATION
A Wolters Kluwer Company

**Service of Process Transmittal**
04/02/2007
Log Number 512096101

TO:  Carla Wilkins
PHARMACIA CORPORATION
235 E 42nd Street, Mailstop 150/02/24
New York, NY, 10017-5755

RE:  **Process Served in New York**

FOR:  PHARMACIA CORPORATION (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

TITLE OF ACTION:  Armand Corlew, et al., Pltfs. vs. General Electric Company, et al. including Pharmacia Corporation, Dfts.

DOCUMENT(S) SERVED:  Summons, Verified Complaint, Verification

COURT/AGENCY:  New York County: Supreme Court, NY
Case # 103415/07

NATURE OF ACTION:  Class Action - Seeking monetary damages arising out of diminution in the value of Pltf.'s properties

ON WHOM PROCESS WAS SERVED:  C T Corporation System, New York, NY

DATE AND HOUR OF SERVICE:  By Process Server on 04/02/2007 at 13:00

APPEARANCE OR ANSWER DUE:  Within 20 days after the service, exclusive of the date of service

ATTORNEY(S) / SENDER(S):  Law Offices of Lawrence P. Biondi
81 Main Street
Suite 504
White Plains, NY, 10601
914-946-5093

ACTION ITEMS:  SOP Papers with Transmittal, via Fed Ex Priority Overnight, 798143046290

SIGNED:  C T Corporation System
PER:  Christopher Tilton
ADDRESS:  111 Eighth Avenue
New York, NY, 10011
TELEPHONE:  212-894-8940

DAILY INTAKE
APR 0 4 2007
Pfizer Litigation Group

Page 1 of 1 / SA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
ARMAND CORLEW, VINCENT RIGGI, STEPHEN
CERNAK, JR., RUTH DEPAOLO and ANGELO
RIGGI, individually and on behalf of a class similarly
situated,

                                        Plaintiffs,

                    -against-

GENERAL ELECTRIC COMPANY, MONSANTO
COMPANY, PHARMACIA CORPORATION and
SOLUTIA, INC.,

                                        Defendants.
-------------------------------------------------------------X

**TO THE ABOVE-NAMED DEFENDANT(S):**

Index No.: 103415/07
**SUMMONS**
**CLASS ACTION**

Plaintiffs reside in
various counties in New York
State and designate
New York County as the
place of trial

Venue is based upon
defendants' residence.

COUNTY NEW YORK

MAR 1 2007

NO

            **YOU ARE HEREBY SUMMONED** to appear and/or answer the Complaint in
this action and to serve a copy of your answer, or if the Complaint is not served with this
Summons, to serve a Notice of Appearance on the plaintiffs' attorneys within twenty (20) days
after the service of this Summons, exclusive of the day of service; and in case of your failure to
appear and/or answer, judgment will be taken against you by default for the relief demanded in
the Complaint.

Dated: White Plains, New York
            March 6, 2007

                    Yours, etc.

                    LAW OFFICES OF LAWRENCE P. BIONDI
                    Attorneys for Plaintiff
                    81 Main Street – Suite 504
                    White Plains, New York 10601
                    (914) 946-5093

TO:    GENERAL ELECTRIC COMPANY            MONSANTO COMPANY
       c/o Secretary of State                                 c/o Corporation Service Company
                                                                     80 State Street
                                                                     Albany, New York 12207-2543

       SOLUTIA, INC.                                       PHARMACIA CORPORATION
       c/o Corporation Service Company        c/o CT Corporation System
       80 State Street                                       111 Eighth Avenue
       Albany, New York 12207-2543              New York, New York 10011



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

MWM / ALL
**Transmittal Number: 5079731**
Date Processed: 04/03/2007

Primary Contact:    SOP Scan - Monsanto
SOP - PowerBrief - Tallahassee
SOP - Scan
2711 Centerville Rd.
Suite 400, DE 19808

| | |
|---|---|
| **Entity:** | Monsanto Company<br>Entity ID Number  2282193 |
| **Entity Served:** | Monsanto Company |
| **Title of Action:** | Armand Corlew vs. General Electric Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Environmental |
| **Court:** | Supreme Court County of New York, New York |
| **Case Number:** | 103415/07 |
| **Jurisdiction Served:** | New York |
| **Date Served on CSC:** | 04/02/2007 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Lawrence P Biondi<br>914-946-5093 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

ARMAND CORLEW, VINCENT RIGGI, STEPHEN
CERNAK, JR., RUTH DEPAOLO and ANGELO
RIGGI, individually and on behalf of a class similarly
situated,

                                        Plaintiffs,

            -against-

GENERAL ELECTRIC COMPANY, MONSANTO
COMPANY, PHARMACIA CORPORATION and
SOLUTIA, INC.,

                                        Defendants.
-------------------------------------------------------------------X

Index No.: 103415/07
**SUMMONS**
**CLASS ACTION**

Plaintiffs reside in
various counties in New York
State and designate
New York County as the
place of trial

Venue is based upon
defendants' residence.

NEW YORK
COUNTY CLERK'S OFFICE

MAR 13 2007

NOT COMPARED
WITH

**TO THE ABOVE-NAMED DEFENDANT(S):**

        **YOU ARE HEREBY SUMMONED** to appear and/or answer the Complaint in
this action and to serve a copy of your answer, or if the Complaint is not served with this
Summons, to serve a Notice of Appearance on the plaintiffs' attorneys within twenty (20) days
after the service of this Summons, exclusive of the day of service; and in case of your failure to
appear and/or answer, judgment will be taken against you by default for the relief demanded in
the Complaint.

Dated: White Plains, New York
        March 6, 2007

                                Yours, etc.

                                LAW OFFICES OF LAWRENCE P. BIONDI
                                Attorneys for Plaintiff
                                81 Main Street - Suite 504
                                White Plains, New York 10601
                                (914) 946-5093

TO:    GENERAL ELECTRIC COMPANY          MONSANTO COMPANY
       c/o Secretary of State            c/o Corporation Service Company
                                         80 State Street
                                         Albany, New York 12207-2543

       SOLUTIA, INC.                     PHARMACIA CORPORATION
       c/o Corporation Service Company   c/o CT Corporation System
       80 State Street                   111 Eighth Avenue
       Albany, New York 12207-2543       New York, New York 10011

**Service of Process
Transmittal**
04/20/2007
Log Number 512150235

**TO:**    Timothy Mooney
Solutia Inc.
575 Maryville Centre Drive
Saint Louis, MO, 63141-

**RE:**    **Process Served in New York**

**FOR:**    Solutia Inc. (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Armand Corlew, et al., Pltfs. vs. General Electric Company, et al. including Solutia, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Verified Complaint, Verification |
| **COURT/AGENCY:** | New York County: Supreme Court, NY<br>Case # 103415/07 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - PCBs containing products- Class members seek monetary damages arising out of the diminution in the value of Plts' properties caused by the release of polychlorinated biphenyls from GE |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/20/2007 postmarked on 04/17/2007 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after the service, exclusive of the date of service |
| **ATTORNEY(S) / SENDER(S):** | Lawrence P. Biondi<br>Law Offices of Lawrence P. Biondi<br>81 Main Street - Suite 504<br>White Plains, NY, 10601<br>(914) 946-5093 |
| **REMARKS:** | Papers were served on the New York State Secretary of State on 04/13/2007. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day, 790229833175<br>Email Notification, Timothy Mooney tcmoon@solutia.com<br>Email Notification, Kassie Wooton kdwoot@solutia.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Christopher Tilton<br>111 Eighth Avenue<br>New York, NY, 10011<br>212-894-8940 |

Page 1 of  1 / RJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

ARMAND CORLEW, VINCENT RIGGI, STEPHEN
CERNAK, JR., RUTH DEPAOLO and ANGELO
RIGGI, individually and on behalf of a class similarly
situated,

Index No.: 103415/07
**SUMMONS**
**CLASS ACTION**

Plaintiffs reside in
various counties in New York
State and designate
New York County as the
place of trial

                        Plaintiffs,

-against-

GENERAL ELECTRIC COMPANY, MONSANTO
COMPANY, PHARMACIA CORPORATION and
SOLUTIA, INC.,

Venue is based upon
defendants' residence.

                        Defendants.
------------------------------------------------------------------X

COUNTY NEW YORK

MAR 1 ? 2007

**TO THE ABOVE-NAMED DEFENDANT(S):**

        **YOU ARE HEREBY SUMMONED** to appear and/or answer the Complaint in this action and to serve a copy of your answer, or if the Complaint is not served with this Summons, to serve a Notice of Appearance on the plaintiffs' attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service; and in case of your failure to appear and/or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: White Plains, New York
       March 6, 2007

Yours, etc.

LAW OFFICES OF LAWRENCE P. BIONDI
Attorneys for Plaintiff
81 Main Street - Suite 504
White Plains, New York 10601
(914) 946-5093

TO:   GENERAL ELECTRIC COMPANY
       c/o Secretary of State

MONSANTO COMPANY
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543

SOLUTIA, INC.
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543

PHARMACIA CORPORATION
c/o CT Corporation System
111 Eighth Avenue
New York, New York 10011

State of New York - Department of State
Division of Corporations

Party Served:
 GENERAL ELECTRIC COMPANY

Plaintiff/Petitioner:
 CORLEW, ARMAND


GENERAL ELECTRIC COMPANY
3135 EASTON TPKE
FAIRFIELD,  CT 06431

APR 0 9 2007


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 04/02/2007 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                              Very truly yours,
                                          Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

ARMAND CORLEW, VINCENT RIGGI, STEPHEN
CERNAK, JR., RUTH DEPAOLO and ANGELO
RIGGI, individually and on behalf of a class similarly
situated,

Plaintiffs,

-against-

GENERAL ELECTRIC COMPANY, MONSANTO
COMPANY, PHARMACIA CORPORATION and
SOLUTIA, INC.,

Defendants.

-------------------------------------------------------------------X

Index No.: 103415/07

**SUMMONS**
**CLASS ACTION**

Plaintiffs reside in
various counties in New York
State and designate
New York County as the
place of trial

Venue is based upon
defendants' residence.

COUNTY NEW YORK

MAR 1  2007

NOT COM
WITH

**TO THE ABOVE-NAMED DEFENDANT(S):**

      **YOU ARE HEREBY SUMMONED** to appear and/or answer the Complaint in
this action and to serve a copy of your answer, or if the Complaint is not served with this
Summons, to serve a Notice of Appearance on the plaintiffs' attorneys within twenty (20) days
after the service of this Summons, exclusive of the day of service; and in case of your failure to
appear and/or answer, judgment will be taken against you by default for the relief demanded in
the Complaint.

Dated: White Plains, New York
       March 6, 2007

Yours, etc.

LAW OFFICES OF LAWRENCE P. BIONDI
Attorneys for Plaintiff
81 Main Street - Suite 504
White Plains, New York 10601
(914) 946-5093

TO:    GENERAL ELECTRIC COMPANY          MONSANTO COMPANY
       c/o Secretary of State             c/o Corporation Service Company
                                          80 State Street
                                          Albany, New York 12207-2543

       SOLUTIA, INC.                      PHARMACIA CORPORATION
       c/o Corporation Service Company    c/o CT Corporation System
       80 State Street                    111 Eighth Avenue
       Albany, New York 12207-2543        New York, New York 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------ ----------------------------------------X
ARMAND CORLEW, VINCENT RIGGI, STEPHEN
CERNAK, JR., RUTH DEPAOLO and ANGELO
RIGGI, individually and on behalf of a class similarly
situated,

                             Plaintiffs,

       - against -

GENERAL ELECTRIC COMPANY, MONSANTO
COMPANY, PHARMACIA CORPORATION and
SOLUTIA, INC.,

                             Defendants.
------------------------ ----------------------------------------X

*Index No.:* 103415/07

**VERIFIED
COMPLAINT**

Plaintiffs, ARMAND CORLEW, VINCENT RIGGI, STEPHEN CERNAK, JR., RUTH DEPAOLO and ANGELO RIGGI, individually and as representatives of a class of similarly-situated persons, by their attorneys, Law Offices of Lawrence P. Biondi, for their complaint herein allege on personal knowledge as to themselves and on information and belief as to all other allegations and class members as follows:

## STATEMENT OF THE ACTION

1.    This is a Class Action for money damages arising out of the diminution in the value of plaintiffs' properties, and properties of all others similarly situated, caused by the ongoing release of polychlorinated biphenyls (PCBs) from the General Electric(GE) Main Plant located in the City of Schenectady and the Town of Rotterdam, Schenectady County, New York State. Plaintiffs are current owners and/or occupiers of all residential and commercial properties within a 5 mile radius of the GE Main Plant. Plaintiffs' properties contain highly toxic levels of PCBs. Plaintiffs seek both compensatory and punitive damages on behalf of themselves and all others similarly situated.

-1-

2.    Plaintiff ARMAND CORLEW resides at 54 Old River Road, Rotterdam, N.Y. 12306. Elevated levels of PCBs were found on his property. The value of his property has been and will continue to be diminished because of contamination of the air, soil, surface water and/or ground water as a result of the ongoing release of PCBs from the GE Main Plant.

3.    Plaintiff VINCENT RIGGI resides at 2138 Campbell Avenue, Schenectady, N.Y. 12306. Elevated levels of PCBs were found on his property. The value of his property has been and will continue to be diminished because of contamination of the air, soil, surface water and/or ground water as a result of the ongoing release of PCBs from the GE Main Plant.

4.    Plaintiff STEPHEN CERNAK, JR., resides at 59 Sacandaga Road, Scotia, N.Y. 12302. Elevated levels of PCBs were found on his property. The value of his property has been and will continue to be diminished because of contamination of the air, soil, surface water and/or ground water as a result of the ongoing release of PCBs from the GE Main Plant.

5.    Plaintiff RUTH DEPAOLO resides at 67 Cheltingham Avenue, Schenectady, N.Y. 12306. Elevated levels of PCBs were found on her property. The value of her property has been and will continue to be diminished because of contamination of the air, soil, surface water and/or ground water as a result of the ongoing release of PCBs from the GE Main Plant.

6.    Plaintiff ANGELO RIGGI resides at 530 Gifford Road, Schenectady, N.Y. 12304. Elevated levels of PCBs were found on his property. The value of his property has been and will continue to be diminished because of contamination of the air, soil, surface water and/or ground water as a result of the ongoing release of PCBs from the GE Main

Plant.

7.    Defendant MONSANTO COMPANY is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri. Defendant PHARMACIA CORPORATION is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York. SOLUTIA, INC. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri. These three defendants are collectively referred to herein as "MONSANTO".

8.    MONSANTO is authorized and licensed to transact business in the State of New York.

9.    Defendant General Electric Company ("GE") is a domestic corporation organized and existing under the laws of the State of New York with its principal place of business located at 1251 Avenue of the Americas, New York, N.Y. 10020.

10.    Defendant GE owns and operates an industrial manufacturing facility ("The Main Plant" or the "Site") on approximately 640 acres of land that it owns in the City of Schenectady and the Town of Rotterdam, New York. The Main Plant is located at 1 River Road, Schenectady, New York.

11.    Defendant MONSANTO was the sole United States manufacturer of PCBs-containing products. MONSANTO designed, manufactured and sold all the PCBs-containing products and materials to defendant GE which was utilized by GE at its Main Plant. Defendant GE purchased all PCBs-containing products from MONSANTO which were used in the manufacture of a variety of products including electric motors and generators, gas turbines, wire and cable, insulating materials and microwave tubes. Defendant GE for many years released, and continues to release, PCBs into the air, soil,

surface water and/or groundwater in, on and/or adjacent to the plaintiffs' properties thereby proximately causing injury and damage to the plaintiffs. Said PCBs have an immediate and permanent adverse effect upon the natural environment, and have specifically had an adverse effect upon the plaintiffs' properties.

## CLASS ACTION ALLEGATIONS

12.    The plaintiffs brings this action on behalf of  themselves and as representatives of all others similarly situated as a Class defined as follows: all individuals and  entities who owned and/or occupied property within a 5 mile radius of the GE Main Plant.

13.    Plaintiffs are presently unable to state the precise size of the Class but believe it to be approximately forty thousand  individuals and/or entities. The Class is sufficiently numerous that joinder of all its members is impractical.

14.    There are  questions of law or fact common to the Class which predominate over any question affecting only individual members.  These questions include:

a)    Whether the PCBs-containing products which were designed, manufactured, sold, marketed, distributed, used and disposed of by defendants were defective or unreasonably dangerous for the purpose for which they were sold and promoted;

b)    Whether defendants used reasonable care in designing, manufacturing, selling, marketing, distributing, using and disposing of PCBs-containing products;

c)    Whether these PCBs-containing products were released, discharged, emitted and/or migrated onto plaintiffs' properties causing contamination thereof; and

d)    Whether defendants' conduct in designing, manufacturing, selling, marketing, distributing, using and disposing of PCBs-containing products has caused a diminution of value of the properties owned and/or occupied by plaintiffs and members of the class;

15.    The claims of the named plaintiffs herein are typical of the claims of

the class.

16.    The named plaintiffs will fairly and adequately protect the interests of the class and have retained attorneys experienced in mass tort and complex litigation.

17.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## JURISDICTION AND VENUE

18.    Subject matter jurisdiction is proper in this Court pursuant to the New York State Constitution and the Laws of the State of New York. The amount sought exceeds the jurisdictional limits of all lower courts. This Court has in personam jurisdiction over the parties pursuant to the laws of the State of New York.

## FACTS COMMON TO ALL CAUSES OF ACTION

19.    PCBs are carcinogenic materials which were manufactured by MONSANTO for use as insulation in electrical transformers and other commercial purposes such as pesticides, hydraulic fluid, paint, newsprint and coils in deep fat fryers. PCBs were favored by the electrical industry because they were non-flammable and could conduct heat without conducting electricity.

20.    MONSANTO was the sole United States manufacturer of PCBs. All PCBs manufactured by MONSANTO in this country were manufactured at two plants; one located in Anniston, Alabama and the other in Sauget, Illinois.

21.    At all times, MONSANTO had superior knowledge concerning PCBs and the manufacture and disposal of PCBs.

22.    PCBs are hazardous to humans and the environment. PCBs remain

-5-

toxic and do not readily breakdown in the environment. As set out in more detail below, numerous tests and empirical evidence show that PCBs cause cancer, liver disease, suppression of the immune system, imbalance of hormonal systems, reduction in IQ, thyroid dysfunction, heart dysfunction, hypertension, diabetes, nervous system disorders, sex hormone imbalances, adverse skin conditions and other maladies in humans.

23.    Because of the longevity of PCBs and their hazardous effects on humans and the environment, the United States Government officially banned production of PCBs in the 1970s.

24.    MONSANTO at all times relevant hereto knew of the hazards of PCBs but, because of the profitability of the enterprise, continued to manufacture PCBs.

25.    From the early days of PCBs manufacturing, MONSANTO recognized that PCBs were hazardous materials. As early as the 1930s, MONSANTO was aware that PCBs caused skin and liver disorders. In the 1940s, scientists found that PCBs were linked to serious liver disorders in workers in wire and cable mills where PCBs were handled.

26.    In the 1950s, reports showed that prolonged exposure to PCBs caused liver problems. In 1955, MONSANTO recognized: "We know [PCBs] are toxic but the actual limit has not been precisely defined." In fact, MONSANTO specifically prohibited their workers from eating lunches in the manufacturing areas of the chemical plant due to the dangers of PCBs. Thereafter, MONSANTO, the U.S. Government and others conducted numerous tests related to PCBs which confirmed the toxicity and the dangers of PCBs.

27.    MONSANTO learned in 1968 that 1300 people in Japan had become ill after eating PCBs-contaminated rice oil. They learned in 1970 that cows in Ohio ingesting grain from silos painted with paints containing PCBs produced PCBs-contaminated milk. By the same time, MONSANTO had received reports that PCBs in humans caused cancer,

liver damage and problems with the reproductive process.

28.   In 1969, MONSANTO concluded that "there is little probability that any action that can be taken will prevent the growing incrimination of specific [PCBs] as nearly global environmental contaminants leading to contamination of human food (particularly fish), the killing of some marine species (shrimp), and the possible extinction of several species of fish eating birds."

29.   A 1974 report by the National Institute for Occupational Safety & Health sent to MONSANTO stated that a "tremendous quantity of research has demonstrated that environmental exposure to [PCBs] causes serious impairment of the functions of the liver."

30.   A 1975 report by the United States Environmental Protection Agency sent to MONSANTO confirmed that PCBs "pose a threat to human health and the environment."

31.   MONSANTO knew PCBs were hazardous but manufactured and profited from them for more than 40 years with conscious disregard for the rights of others.

32.   GE owns and operates an industrial manufacturing facility (the "Main Plant" or the "Site") on approximately 640 Acres of land that it owns in the City of Schenectady, and the Town of Rotterdam, New York. The Main Plain is located at 1 River Road, Schenectady, New York.

33.   Over the years, GE has used the Main Plant to manufacture a variety of products including electric motors and generators, gas turbines, wire and cable, insulating materials and microwave tubes.

34.   GE knew that PCBs were hazardous long before MONSANTO stopped manufacturing and selling them but GE nevertheless continued to buy PCBs from

MONSANTO.

35.     From on or about the 1930s to date and continuing, GE knew that it was discharging, releasing and emitting hazardous PCBs into the surrounding environment.

36.     From on or about the 1930s to date and continuing, GE intentionally failed to advise the public and the plaintiffs herein that it was discharging, releasing and emitting hazardous PCBs into the surrounding environment.

37.     In 1987, the New York State Department of Environmental Conservation (NYSDEC) listed the site as a Class 2 site in the Registry of Inactive Hazardous Waste Disposal Sites in New York. A Class 2 site is a site where hazardous waste presents a significant threat to the public health or the environment and action is required.

38.     In 1995, GE entered into Order On Consent (#A4-0336-95-09) to complete a site-wide environmental investigation for the Main Plant. Numerous site investigations were undertaken to determine the nature and extent of contamination resulting from prior manufacturing and disposal operations at the site.   The entire remedial investigation process commenced in 1995 and ended in 2003.

39.     In accordance with the requirements of the site-wide Consent Order, GE completed a Remedial Investigation (RI) and Feasibility Study (FS) for the Main Plant. The purpose of the RI was to collect and evaluate data regarding the nature and extent of contamination at the site.

40.     GE's own investigation found that PCBs were found at excessive concentrations in surface soils, subsurface soils, ground water, seeps, sediment samples and biota samples on or about the Main Plant.

41.     As a result of GE's improper use and improper disposal of PCBs - containing products, PCBs were and continue to be discharged, released, emitted and