]

# EXHIBIT
# A
**CONTINUED (3)**

products and materials.

146. To the extent that GE may have inquired as to the hazards of said materials, GE negligently failed to convey whatever knowledge of dangers, health hazards, or safety precautions they may have had to the plaintiffs herein.

147. GE negligently failed to develop, make available and/or provide nonhazardous substitutes which could have been used for the same purpose as their PCBs-containing products and materials.

148. GE negligently failed to design PCBs-containing products and materials in such a fashion as to prohibit or minimize the release of and exposure to PCBs.

149. As a direct result of GE's improper use and improper disposal of PCBs-containing products, PCBs were and continue to be released, discharged, emitted and migrated onto plaintiffs' properties causing the contamination thereof.

150. The contamination of plaintiffs' properties was proximately caused by GE's negligent actions in that, inter alia, they negligently designed, processed, manufactured, assembled, fabricated, fashioned, sold, inspected, repaired, tested, packaged, distributed, delivered and/or disposed the PCBs-containing products which contaminated plaintiffs' properties, all of which evidenced a callous, reckless, wanton, oppressive, malicious, willful and depraved indifference to the health, safety and welfare of the rights of others and more particularly the rights of the plaintiffs, all of which GE had due and timely notice.

151. GE negligently failed to render warnings, advise, give instructions and/or information to the plaintiffs so that they could have made an adequate and informed judgment as to the risks of contamination and were otherwise negligent.

152. GE since the 1930s has possessed medical and scientific data which clearly indicates that their PCBs-containing products were hazardous to the health and safety of the public and environment and, prompted by pecuniary motives, GE ignored and failed to act upon said medical and scientific data and conspired to deprive the public, including plaintiffs, of said medical and scientific data and further willfully, intentionally and wantonly failed to warn plaintiffs of the serious health and safety risks associated with contamination

of their properties.

153. GE's utter failure to use reasonable care under all the circumstances is the proximate cause of the contamination of plaintiffs' properties.

154. As a result of the foregoing, the contamination of plaintiffs' properties is permanent and can not be remediated and the value of plaintiffs' properties has been severely and permanently diminished.

155. By reason of the foregoing, said plaintiffs have been damaged in the sum of TWELVE BILLION DOLLARS ($12,000,000,000.00) in compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) in punitive damages.

### SECOND CAUSE OF ACTION AGAINST GE FOR BREACH OF WARRANTY

156. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "155" inclusive with the same force and effect as if hereinafter set forth at length.

157. GE expressly and impliedly warranted that said PCBs-containing materials were of good and merchantable quality and fit for their intended use.

158. The implied/express warranties made by GE that its PCBs-containing materials were of good and merchantable quality and fit for their particular use were breached in that said materials contained harmful, toxic, poisonous and carcinogenic levels of PCBs which caused the contamination of plaintiffs' properties.

159. As a direct and/or proximate result of the breach of the implied/express warranties of good and merchantable quality and fitness for the particular use, the contamination of plaintiffs' properties is permanent and cannot be remediated and the value of plaintiffs' properties has been severely and permanently diminished.

160. By reason of the foregoing, said plaintiffs have been damaged in the sum of TWELVE BILLION DOLLARS ($12,000,000,000.00) in compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) in punitive damages.

## THIRD CAUSE OF ACTION
## AGAINST GE FOR STRICT LIABILITY

161. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "160" inclusive with the same force and effect as if hereinafter set forth at length.

162. From on or about the 1930s and continuing through the 1970s, GE, as part of its business, manufactured, assembled, fabricated, fashioned, sold, inspected, repaired, tested, designed, supplied, developed, packaged, distributed, delivered, installed, and/or otherwise placed PCBs-containing products and materials into the stream of commerce in a defective, unsafe and inherently dangerous condition and the products and materials were expected to and did reach users, handlers and persons coming into contact with the said products and materials, including the plaintiffs, without substantial change in the condition in which they were sold.

163. The aforementioned PCBs-containing products and/or materials did not contain a warning and/or information concerning the dangers to persons using, handling or coming into contact therewith, including the plaintiffs.

164. The aforementioned PCBs-containing products and/or materials did not contain adequate and/or correct warnings and instructions of safety precautions to be observed by users, handlers, and persons who would reasonably and foreseeably come into contact with said products and/or materials, including the plaintiffs.

165. That at all times herein mentioned, the products and/or materials being used were being employed for the purposes and in the manner normally intended and the defects of the said products were not discoverable by the plaintiffs by the exercise of reasonable care, nor were the dangers of said products perceivable on the part of the plaintiffs and the plaintiffs would not have otherwise averted their injuries by the exercise of reasonable care.

166. Said PCBs-containing materials were defective and dangerous at the time they were sold, used and disposed and contained a latent defect and were harmful, poisonous and defective when released into the environment surrounding the GE Main Plant.

-28-

167. GE, by using and disposing their PCBs-containing materials in a defective and dangerous manner and condition, is strictly liable to the plaintiffs for the contamination of their properties and the diminution in the value thereof.

168. As a direct and proximate result of the conduct of GE alleged herein, the plaintiffs' properties were contaminated with PCBs and said contamination is permanent and cannot be remediated and the value of plaintiffs' properties has been severely and permanently diminished.

169. By reason of the foregoing, said plaintiffs have been damaged in the sum of TWELVE BILLION DOLLARS ($12,000,000,000.00) in compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) in punitive damages.

## FOURTH CAUSE OF ACTION AGAINST GE FOR FRAUDULENT CONCEALMENT

170. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "169" inclusive with the same force and effect as if hereinafter set forth at length.

171. From on or abut the 1930s to date and continuing, GE knew that PCBs were hazardous materials and that exposure thereto caused severe and permanent illnesses and injuries.

172. With full knowledge of the hazards of PCBs, GE made the conscious decision to suppress and conceal these facts from the public and plaintiffs in order to maintain sales and to avoid liability, publicity, and other adverse consequences of their actions. Most egregiously, instead of attempting to warn the public and plaintiffs of the hazards of PCBs, GE set out to sell even more PCBs-containing products. At all times, GE had knowledge superior to that of the public and plaintiffs concerning the true hazards of PCBs.

173. GE made no effort to disclose to the public and plaintiffs the dangers of PCBs and the fact that the GE Main Plant and surrounding environment had been contaminated with PCBs and that PCBs are still continuing to be released and discharged

onto plaintiffs' properties.

174. GE continuously affirmatively represented to the Department of Environmental Conservation, the public and the plaintiffs that PCBs were never released or discharged into the surrounding environment of the GE Main Plant knowing that these representations were false.

175. The aforementioned conduct and misrepresentations made by GE were intentionally designed to foster the continued use of its PCBs-containing materials and products and to prevent the general public, buyers of its products, and the plaintiffs herein from knowing and fully appreciating the dangers and serious health and safety risks associated with contamination of PCBs.

176. Plaintiffs herein relied on the aforementioned conduct, misrepresentations and concealment by GE to their detriment by continuing to reside on their properties and be exposed to PCBs.

177. As a direct and proximate result of the conduct, misrepresentations and concealment by GE, the plaintiffs herein were unreasonably exposed to the dangers of PCBs and their properties have been permanently contaminated and the value of their properties has been severely and permanently diminished.

178. By reason of the foregoing, said plaintiffs have been damaged in the sum of TWELVE BILLION DOLLARS ($12,000,000,000.00) in compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) in punitive damages.

## FIFTH CAUSE OF ACTION AGAINST GE FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

179. Plaintiffs repeat, reiterate and reallege each and every allegation\ contained in paragraphs "1" through "178" inclusive with the same force and effect as if hereinafter set forth at length.

180. From on or about the 1930s to date and continuing, GE negligently inflicted emotional distress on each plaintiff by its manufacture, creation, production, use and disposal of PCBs and by its failure to advise the general public and the plaintiffs of the

serious dangers associated with exposure to PCBs as alleged above.

181. As a result of said conduct by GE, plaintiffs have sustained extreme emotional distress and mental anguish associated with the contamination of their properties and the risk of developing serious PCBs-related cancers, diseases and injuries.

182. By reason of the foregoing, said plaintiffs have been damaged in the sum of TWELVE BILLION DOLLARS ($12,000,000,000.00) in compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) in punitive damages.

### SIXTH CAUSE OF ACTION AGAINST GE FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

183. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "182" inclusive with the same force and effect as if hereinafter set forth at length.

184. From on or about the 1930s to date and continuing, GE intentionally inflicted emotional distress on each plaintiff by knowing and willfully manufacturing, creating, producing, using and disposing of PCBs and by its failure to advise the general public and the plaintiffs of the serious dangers associated with exposure to PCBs as alleged above.

185. As a result of said conduct by GE, plaintiffs have sustained extreme emotional distress and mental anguish associated with the contamination of their properties and the risk of developing serious PCBs-related cancers, diseases and injuries.

186. By reason of the foregoing, said plaintiffs have been damaged in the sum of TWELVE BILLION DOLLARS ($12,000,000,000.00) in compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) in punitive damages.

### SEVENTH CAUSE OF ACTION AGAINST GE FOR ABNORMALLY DANGEROUS ACTIVITY

187. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "186" inclusive with the same force and effect as if

hereinafter set forth at length.

188. By manufacturing, producing, creating, using, releasing and dispersing PCBs onto plaintiffs' properties and by allowing those PCBs to remain in the environment to date and continuing, GE has engaged in abnormally dangerous, ultra hazardous and inherently or intrinsically dangerous activities for which it is strictly liable to the plaintiffs. Said conduct is a direct and proximate cause of injuries and damages to the plaintiffs.

189. As a result of the foregoing, the contamination of plaintiffs' properties is permanent and the value of plaintiffs' properties has been severely and permanently diminished.

190. By reason of the foregoing, said plaintiffs have been damaged in the sum of TWELVE BILLION DOLLARS ($12,000,000,000.00) in compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) in punitive damages.

## EIGHT CAUSE OF ACTION
## AGAINST GE FOR MEDICAL MONITORING

191. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "190" inclusive with the same force and effect as if hereinafter set forth at length.

192. As a result of the continuing conduct alleged herein, plaintiffs have elevated levels of PCBs in their blood and body organs causing them severe and permanent personal injuries and an increased risk of developing PCBs related cancers, diseases and injuries. As a direct and proximate result thereof, plaintiffs have incurred and continue to incur the cost of medical treatment and monitoring.

193. Also as a result of the conduct alleged herein, plaintiffs will suffer future injuries, symptoms and pain and suffering from the latent effects of their exposure to PCBs as well as the effects of future and continuing exposure to PCBs due to the continuing and persistent discharge and release of PCBs from the GE Main Plant. As a direct and proximate result thereof, plaintiffs will need continual medical treatment, testing and monitoring in the future.

194. As a result of the foregoing, plaintiffs are entitled to recover the costs of past and future medical monitoring, testing and treatment as a separate claim for relief or, alternatively, as additional damages under each of the other claims for relief above.

195. By reason of the foregoing, said plaintiffs have been damaged in the sum of TWO BILLION DOLLARS ($2,000,000,000.00) in compensatory damages and TWO BILLION DOLLARS ($2,000,000,000.00) in punitive damages

## NINTH CAUSE OF ACTION AGAINST GE FOR FEAR OF SUSTAINING PCBs RELATED ILLNESSES

196. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "195" inclusive with the same force and effect as if hereinafter set forth at length.

197. As a direct and proximate result of the conduct alleged herein, plaintiffs have reasonably developed the fear of sustaining severe and permanent personal injuries in the future due to the latent effects of their exposure to PCBs as well as the effects of future and continuing exposure to PCBs from the GE Main Plant.

198. As a result of the foregoing, plaintiffs are entitled to damages for the extreme emotional distress and mental anguish associated with the reasonable fear of sustaining PCBs-related injuries and illnesses in the future.

199. By reason of the foregoing, said plaintiffs have been damaged in the sum of TWELVE BILLION DOLLARS ($12,000,000,000.00) in compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) in punitive damages

## TENTH CAUSE OF ACTION AGAINST GE FOR NUISANCE

200. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "199" inclusive with the same force and effect as if hereinafter set forth at length.

201. At all times material hereto, plaintiffs were in lawful possession of their properties. The conduct of GE alleged herein has resulted in an intrusion and the continued intrusion upon plaintiffs' properties significantly and negatively impacting upon the plaintiffs' rights to use and enjoy their own property.

202. GE's conduct alleged herein caused the unreasonable emission, disposal and release of dangerous and toxic PCBs onto plaintiffs' properties and was substantially offensive, discomforting and annoying to persons of ordinary sensibilities, tastes and habits.

203. GE's interference with plaintiffs' rights was so unusual and excessive that it necessarily caused injury, damage, harm and inconvenience to plaintiffs, and it substantially, materially and unusually interfered with their comfort and proper use and enjoyment of their property. Such invasion of plaintiffs' rights was unreasonable.

204. GE's conduct has resulted in an entry and intrusion, and the continued entry and intrusion onto the properties of plaintiffs without privilege, permission, invitation or justification. GE's conduct directly and proximately caused plaintiffs' injuries, including actual harm to their properties and economic interests and an increased risk of future illnesses.

205. By reason of the foregoing, GE owes a duty to reimburse plaintiffs for the cost of determining the full extent of the contamination on all properties owned by the plaintiffs and the cost to restore such contaminated properties to their pre-contaminated condition.

206. By reason of the foregoing, said plaintiffs have been damaged in the sum of TWENTY BILLION DOLLARS ($20,000,000,000.00) in compensatory damages and TWENTY BILLION DOLLARS ($20,000,000,000.00) in punitive damages.

## ELEVENTH CAUSE OF ACTION AGAINST GE FOR TRESPASS

207. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "206" inclusive with the same force and effect as if hereinafter set forth at length.

208. Plaintiffs were at all relevant times in possession of land they owned and/or occupied.

209. GE knew that its PCBs-containing products were dangerous and defective and that PCBs were intentionally discharged, released, emitted and migrated onto plaintiffs' properties.

210. Despite GE's knowledge of the harm it was causing, GE intentionally

-34-

persisted in its conduct and continued to discharge PCBs onto plaintiffs' properties.

211. This intentional discharge that GE knew, or should have known, was migrating onto plaintiffs' properties, was a trespass.

212. Plaintiffs' properties continue to be exposed to and contaminated by PCBs containing products designed, manufactured, sold, distributed and disposed by GE.

213. GE's conduct has resulted in an entry and intrusion onto the properties of the plaintiffs without privilege, permission, invitation or justification.

214. GE's conduct directly and proximately caused plaintiffs' injuries, including actual physical harm to their properties and economic interests and an increased risk of future harm to their person. Plaintiffs are entitled to recover damages for such injuries.

215. By reason of the foregoing, GE owes a duty to reimburse plaintiffs for the cost of determining the full extent of the contamination on all properties owned by the plaintiffs and the cost to restore such contaminated properties to their pre-contaminated condition.

216. By reason of the foregoing, said plaintiffs have been damaged in the sum of TWENTY BILLION DOLLARS ($20,000,000,000.00) in compensatory damages and TWENTY BILLION DOLLARS ($20,000,000,000.00) in punitive damages.

## TWELFTH CAUSE OF ACTION
## AGAINST GE FOR UNJUST ENRICHMENT

217. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "216" inclusive with the same force and effect as if hereinafter set forth at length.

218. Plaintiffs have and/or will incur the cost of determining the nature and extent of contamination of their properties and the cost of restoring their properties to their pre-contaminated condition.

219. GE owes a duty to reimburse plaintiffs for the cost of determining the full extent of the contamination on all properties owned by the plaintiffs and the cost to

restore such contaminated properties to their pre-contaminated condition.

220. GE has breached and continues to breach this duty.

221. As a result of its breach, GE has been unjustly enriched in that it has the use of funds that it otherwise should have expended in fulfilling this duty.

222. By reason of the foregoing, said plaintiffs have been damaged in the sum of TWENTY BILLION DOLLARS ($20,000,000,000.00) in compensatory damages and TWENTY BILLION DOLLARS ($20,000,000,000.00) in punitive damages.

## THIRTEENTH CAUSE OF ACTION AGAINST GE FOR WILLFUL AND WANTON MISCONDUCT

223. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "222" inclusive with the same force and effect as if hereinafter set forth at length.

224. GE has acted in a wanton and willful manner and in reckless indifference to the safety of plaintiffs' health and the use and enjoyment of their properties in the following ways:

(a) GE allowed and continues to allow highly toxic PCBs to be discharged, released, emitted and migrated onto plaintiffs' properties without appropriate safeguards to prevent or remedy such releases;

(b) GE failed to warn and advise plaintiffs that its PCBs-containing products were dangerous and defective and that they needed to be safely and properly handled, used and disposed of;

(c) GE failed to determine the import of such contamination on plaintiffs' health and properties; and

(d) GE failed to warn the plaintiffs that their health and properties were at risk due to the release of PCBs from the GE Main Plant.

225. As a direct and proximate result of the willful, wanton, and reckless acts and omissions of GE, Plaintiffs have sustained actual damages and because of these acts and omissions, it is reasonable and proper for the assessment of punitive damages to deter GE and all others similarly situated from acting in a similar manner in the future.

226. By reason of the foregoing, said plaintiffs have been damaged in the sum of TWENTY BILLION ($20,000,000.00) DOLLARS for punitive damages.

## FOURTEENTH CAUSE OF ACTION
### AGAINST GE FOR CERCLA COST RECOVERY, 42 U.S.C. § 9601etseq.

227. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "226" inclusive with the same force and effect as if hereinafter set forth at length.

228. GE is a "person" as defined by Section 9601(21) of CERCLA, 42 §9601(21).

229. GE was and continues to be the "owner" and/or "operator" of a "facility" within the meaning of Sections 9601(20), 9601(9), and 9607(a) of CERCLA, 42 U.S.C.§§9601(20), 9601(9), 9607(a). The "facility" includes the GE Main Plant.

230. PCBs used or stored at the GE Main Plant were and are "hazardous substances" within the meaning of Section 9601(14) of CERCLA, 42 U.S.C.§9601(14).

231. From on or about the 1930s to date and continuing, GE has been responsible for "releases" of PCBs into the environment within the meaning of Section 9601(22) of CERCLA 42 U.S.C. § 9601(22). GE's acts and omissions at the facility caused such "releases."

232. GE's releases have migrated to plaintiffs' properties and there is no other likely source of the PCBs released onto the plaintiffs' properties.

233. GE is strictly liable under Section 9607(a) of CERCLA, 42 U.S.C §9607(a), because it is the current operator of the facility and because it owned *or* operated the facility when the PCBs were stored, used, disposed or otherwise discharged therefrom.

234. As a result of the releases of PCBs, plaintiffs have incurred and/or will incur "response costs" within the meaning of Section 9601(25) of CERCLA, 42 U S.C. §§ 9601(25). Response costs includes costs associated with investigating the contamination and repairing and remediating same. Plaintiffs will continue to incur such response costs in the

future. Accordingly, plaintiffs are entitled to full reimbursement from GE for all such costs pursuant to Section 9607(a) of CERCLA, 42 U.S.C. § 9607(a).

235. By reason of the foregoing, said plaintiffs have been damaged in the sum of TWENTY BILLION ($20,000,000.00) DOLLARS in compensatory damages and TWENTY BILLION ($20,000,000.00) DOLLARS in punitive damages.

**WHEREFORE**, plaintiffs demand judgment against MONSANTO on the First Cause of Action in the amount of TWELVE BILLION DOLLARS ($12,000,000,000.00) for compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) for punitive damages; on the Second Cause of Action in the amount of TWELVE BILLION DOLLARS ($12,000,000,000.00) for compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) for punitive damages; on the Third Cause of Action in the amount of TWELVE BILLION DOLLARS ($12,000,000,000.00) for compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) for punitive damages; on the Fourth Cause of Action in the amount of TWELVE BILLION DOLLARS ($12,000,000,000.00) for compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) for punitive damages; on the Fifth Cause of Action in the amount of TWELVE BILLION DOLLARS ($12,000,000,000.00) for compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) for punitive damages; on the Sixth Cause of Action in the amount of TWELVE BILLION DOLLARS ($12,000,000,000.00) for compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) for punitive damages; on the Seventh Cause of Action in the amount of TWELVE BILLION DOLLARS ($12,000,000,000.00) for compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) for punitive damages; on the Eighth Cause of Action in the amount of TWO BILLION DOLLARS ($2,000,000,000.00) for compensatory damages and TWO BILLION DOLLARS ($2,000,000,000.00) for punitive damages; on the Ninth Cause of Action in the amount of TWELVE BILLION DOLLARS ($12,000,000,000.00) for compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) for punitive damages; on the Tenth Cause of Action in the amount of TWENTY BILLION

DOLLARS ($20,000,000,000.00) for compensatory damages and TWENTY BILLION DOLLARS ($20,000,000,000.00) for punitive damages; and on the Eleventh Cause of Action in the amount of TWENTY BILLION DOLLARS ($20,000,000,000.00) for compensatory damages and TWENTY BILLION DOLLARS ($20,000,000,000.00) for punitive damages; on the Twelfth Cause of Action in the amount of TWENTY BILLION DOLLARS ($20,000,000,000.00) for compensatory damages and TWENTY BILLION DOLLARS ($20,000,000,000.00) for punitive damages, and on the Thirteenth Cause of Action in the amount of TWENTY BILLION DOLLARS ($20,000,000,000.00) for punitive damages,

Plaintiffs also demand judgment against GE on the First Cause of Action in the amount of TWELVE BILLION DOLLARS ($12,000,000,000.00) for compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) for punitive damages; on the Second Cause of Action in the amount of TWELVE BILLION DOLLARS ($12,000,000,000.00) for compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) for punitive damages; on the Third Cause of Action in the amount of TWELVE BILLION DOLLARS ($12,000,000,000.00) for compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) for punitive damages; on the Fourth Cause of Action in the amount of TWELVE BILLION DOLLARS ($12,000,000,000.00) for compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) for punitive damages; on the Fifth Cause of Action in the amount of TWELVE BILLION DOLLARS ($12,000,000,000.00) for compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) for punitive damages; on the Sixth Cause of Action in the amount of TWELVE BILLION DOLLARS ($12,000,000,000.00) for compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) for punitive damages; on the Seventh Cause of Action in the amount of TWELVE BILLION DOLLARS ($12,000,000,000.00) for compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) for punitive damages; on the Eighth Cause of Action in the amount of TWO BILLION DOLLARS ($2,000,000,000.00) for compensatory damages and TWO BILLION DOLLARS ($2,000,000,000.00) for punitive

damages; on the Ninth Cause of Action in the amount of TWELVE BILLION DOLLARS ($12,000,000,000.00) for compensatory damages and TWELVE BILLION DOLLARS ($12,000,000,000.00) for punitive damages; on the Tenth Cause of Action in the amount of TWENTY BILLION DOLLARS ($20,000,000,000.00) for compensatory damages and TWENTY BILLION DOLLARS ($20,000,000,000.00) for punitive damages; and on the Eleventh Cause of Action in the amount of TWENTY BILLION DOLLARS ($20,000,000,000.00) for compensatory damages and TWENTY BILLION DOLLARS ($20,000,000,000.00) for punitive damages; on the Twelfth Cause of Action in the amount of TWENTY BILLION DOLLARS ($20,000,000,000.00) for compensatory damages and TWENTY BILLION DOLLARS ($20,000,000,000.00) for punitive damages; on the Thirteenth Cause of Action in the amount of TWENTY BILLION ($20,000,000.00) DOLLARS for punitive damages; and on the Fourteenth Cause of Action in the amount of TWENTY BILLION ($20,000,000.00) DOLLARS for compensatory damages and TWENTY BILLION ($20,000,000.00) DOLLARS for punitive damages together with the reasonable costs and disbursements of this action, including attorney's fees and interest.

Dated:    White Plains, New York
          February 14, 2007

                                    LAW OFFICES OF LAWRENCE P. BIONDI
                                    Attorneys for Plaintiffs

                                    LAWRENCE P. BIONDI, ESQ.
                                    81 Main Street, Suite 504
                                    White Plains, New York 10601
                                    (914) 946-5093


TO:   MONSANTO COMPANY
      c/o Corporation Service Company
      80 State Street
      Albany, New York 12207-2543

SOLUTIA, INC.
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543

PHARMACIA CORPORATION
c/o CT Corporation System
111 Eighth Avenue
New York, New York 10011

GENERAL ELECTRIC COMPANY
1251 Avenue of The Americas
New York, NY 10020

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK       )
                        : SS.:
COUNTY OF WESTCHESTER)

I, the undersigned, an attorney admitted to practice in the courts of New York State, state that I am the attorney of record for the Plaintiffs in the within action; I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by Plaintiffs is because Plaintiffs do not reside within the county where I have my office. The grounds of my belief as to all matters not stated upon my own knowledge are based on conversations had with Plaintiffs and papers in the file.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: White Plains, New York
       February 14, 2007

LAWRENCE P. BIONDI

Index No.: 103415/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ARMAND CORLEW, VINCENT RIGGI, STEPHEN
CERNAK, JR., RUTH DEPAOLO and ANGELO
RIGGI, individually and on behalf of a class similarly
situated,

                  Plaintiffs,

     -against-

GENERAL ELECTRIC COMPANY, MONSANTO
COMPANY, PHARMACIA CORPORATION and
SOLUTIA, INC.,

                  Defendants.

## VERIFIED COMPLAINT

ATTORNEYS PROCESS
&
RESEARCH SERVICE

P.O. BOX 10277

ALBANY, NY 12201

www.goAPRS.com

