

630 Third Avenue, New York, New York 10017  •  212.486.2400  •  FAX 212.486.3099  •  EMAIL info@leaderberkon.com

June 26, 2007

Hon. Victor Marrero                                            ***BY HAND DELIVERY***
United States District Court
Southern District of New York
500 Pearl Street, Room 660
New York, NY 10007

  *Re: Abbatiello, et al. v. Monsanto Co., et al., Case No. 06-CV-0266(VM)*
     *Abele, et al. v. Monsanto Co., et al; Corlew, et al v. General Electric Co., et al.*

Dear Judge Marrero:

  **I. Transfer of Venue Issue.** This letter is submitted on behalf of Defendants Monsanto Company ("Monsanto") and Pharmacia Corporation ("Pharmacia") pursuant to this Court's Order dated June 18, 2007. Monsanto and Pharmacia respectfully submit that venue is proper in the Southern District pursuant to 28 U.S.C. §§ 157(b)(5) and 1412, and therefore these actions should not be transferred to the Northern District of New York.

  By Order dated March 5, 2007, in the <u>Abbatiello</u> and <u>Abele</u> actions, the Hon. Kimba M. Wood determined that this Court had jurisdiction over Plaintiffs' personal injury actions because they are "related to" Defendant Solutia, Inc.'s bankruptcy proceedings pending in this District.

  Pursuant to 28 U.S.C. § 157(b)(5), venue of personal injury cases and/or proceedings "related to" bankruptcy proceedings properly lies in one of two places:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

*See also* 28 U.S.C. § 1409 (cases "related to" bankruptcy proceedings may be brought in the district where bankruptcy is pending or any district where case may have been brought.)[1]

  Thus, the two potential forums for these cases are the Southern District (where Solutia's bankruptcy case is pending), or the Northern District. Monsanto respectfully suggests that the more appropriate venue is the Southern District. First, there is a "presumption that all matters involving a

---

[1] <u>Corlew</u>, like <u>Abbatiello</u> and <u>Abele</u>, contains personal injury claims, and thus the venue analysis is the same. <u>See e.g.</u> <u>Corlew</u> Complaint, Fifth, Sixth, Eighth, and Ninth Causes of Action against Monsanto and General Electric Company. Unlike <u>Abbatiello</u> and <u>Abele</u>, <u>Corlew</u> is a putative class action involving an additional defendant, General Electric Company, and the plaintiffs also claim diminution in property value damages.



bankruptcy should be tried in the court in which the bankruptcy is pending." *In re LionelCorp.*, 24 B.R. 141, 143 (S.D.N.Y. Bankr. 1982).[2]

Second, any transfer of venue to the Northern District for purposes of convenience should be analyzed pursuant to 28 U.S.C. § 1412 governing bankruptcy proceedings, rather than § 1404. *See, e.g., Dunlap v. Friedman's, Inc.*, 331 B.R. 674, 678-80 (S.D.W.Va. 2005) (explaining that while there may be a split in authority on the subject, § 1412, and not § 1404, applies to transfer of cases "related to" bankruptcy proceedings, a view reached by the principal commentator on bankruptcy – *Collier on Bankruptcy*); *In re Grumman Olson Ind.*, 329 B.R. 411, 435 (S.D.N.Y. Bankr. 2004) (since venue in the bankruptcy district of related breach of fiduciary duty case was proper under 28 U.S.C. § 1409(a), the request to change venue was governed by § 1412, not § 1404).

28 U.S.C. § 1412 states that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, *in the interest of justice or for the convenience of the parties.*" (Emphasis added). Notably, "unlike § 1404(a), the convenience of the witnesses does not have to be considered under § 1412." *Grumman*, 329 B.R. at 435 (where parties, save one, agreed bankruptcy district was convenient district, lone party's motion to transfer venue was denied, where proposed district was no more convenient to parties).

Here, all of the parties agree that the Southern District is a mutually convenient venue for the resolution of their claims. Plaintiffs filed their claims in New York County on their own volition, and Defendants subsequently removed to this District. The proceedings are stayed as to Solutia. However, Solutia's counsel has advised Monsanto's counsel that Solutia prefers that the proceedings remain in the Southern District of New York. The parties' agreement on the appropriateness of this forum weighs heavily in favor of hearing the case in the Southern District. *See, e.g., Beatie and Osborn, LLP v. Patriot Scientific Corp.*, 431 F.Supp.2d 367, 396 (S.D.N.Y. 2006) ("[i]n a case where the parties have already agreed to a particular forum, the 'convenience of the parties' weighs heavily in favor of hearing the case in the designated court") (citations omitted).

Even under a § 1404 analysis, however, the Southern District is the most convenient venue for the parties and witnesses. Plaintiffs represent that their fact and expert witnesses will be available for testimony and trial in the Southern District. General Electric Company's headquarters is located in Fairfield, Connecticut, and Pharmacia has offices in Peapack, New Jersey and New York City, both of which are more convenient to the Southern District, than the Northern District. Monsanto's and Solutia's corporate headquarters are located in St. Louis County, Missouri. Witnesses concerning Monsanto's historical PCB business, to the extent they are still living, tend to reside in the St. Louis, Missouri area or are retired and scattered throughout the country. The cases will be expert intensive, with experts from all over the country. Monsanto currently expects to use one expert witness located in the Southern District of New York, and General Electric has an environmental consultant with knowledge relevant to the cases who resides in the Southern District of New York. The major metropolitan airports serving New York City in the Southern District are more convenient for everyone than the smaller regional airport serving Albany in the Northern

---

[2] Unlike *Lionel*, here plaintiffs' personal injury cases must be tried in the *district court* and not the bankruptcy court, because 28 U.S.C. § 157(b)(5) mandates that the district court try such cases. *See also In re Waterman Steamship Corp.*, 63 B.R. 435 (S.D.N.Y. Bankr. 1986) (pursuant to § 157(b)(5), the district court, and not the bankruptcy court, must try personal injury claims arising from or related to a bankruptcy proceeding, and therefore the district court must determine any venue motions).



District. *See, e.g., Tri-Con, Inc. v. Volvo Trucks North Am., Inc.*, 2006 WL 1752411 at *5 (W.D.Mich. June 23, 2006) (because "non-party witnesses and physical evidence [were] located throughout the United States," and the W.D.Mich. did "not have a hub airport that would make it particularly convenient to fly into" venue in another district was more appropriate).

Third, pursuant to § 1412, "the interest of justice" suggests that the case should remain in the Southern District. This standard "contemplates a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness." *Grumman*, 329 B.R. at 437 (citation omitted). As noted by Judge Wood in her prior Order, the most economical and efficient way to administer Solutia's estate is to have all potential determinations which affect the administration and distribution of the estate "under one tent." March 5, 2007 Order, Doc. 32 at page 9.

The parties agree that the Southern District is a mutually convenient forum for resolution of this case. Moreover, adjudicating these cases in the district where the related bankruptcy proceeding is pending promotes judicial economy and efficient administration of Solutia's bankruptcy estate. For all of these reasons, Monsanto and Pharmacia respectfully request that venue of the above three cases remain in the Southern District of New York.

**II. Consolidation of Cases Issue.** Monsanto and Pharmacia respectfully object to the consolidation of all three cases for all purposes, and request that the Court reconsider that Order at the time the parties submit their Rule 26(f) Report. Defendants do not object to having the three cases coordinated for pre-trial discovery matters, but respectfully suggest that <u>Corlew</u> needs a separate Case Management Order from <u>Abbatiello</u> and <u>Abele</u>, because <u>Corlew</u> is a putative class action, involves an additional defendant, General Electric Company, and involves claims of property diminution damages in addition to personal injuries. Counsel for the parties have already started the process of meeting and conferring and have circulated draft Rule 26(f) reports. These reports will be finalized and submitted for the Court's consideration once a Rule 16 status conference is set. The current version of the proposed Rule 26(f) report proposes that three cases be coordinated for pre-trial proceedings in two similar but separate case management orders (one for <u>Abbatiello</u> and <u>Abele</u> and one for <u>Corlew</u>) and that decisions about appropriate additional pretrial procedures or procedures for trial be deferred until the first phase of pre-trial proceedings has been completed.

Due to the due process concerns[3] created by consolidating "for all purposes" the claims of approximately 1,000 individual plaintiffs and a putative class of allegedly 40,000 (see <u>Corlew</u> Complaint ¶13), Monsanto and Pharmacia respectfully request that the Court reconsider and reissue its consolidation order in a manner consistent with the proposal set forth above, after having considered the Parties' Rule 26(f) Report.

---

[3] See e.g., <u>Broussard v. Meineke Discount Muffler Shops, Inc.</u>, 155 F.3d 331, 343 (4th Cir. 1998) (plaintiffs' claims were a "hodgepodge of factually as well as legally different plaintiffs that should not have been cobbled together for trial") (citations and internal punctuation omitted); <u>Gwathmey v. United States</u>, 215 F.2d 148, 156 (5th Cir. 1954) (consolidation of actions for trial was prejudicial to defendants); <u>Cain v. Armstrong World Ind.</u>, 785 F.Supp. 1448, 1455 (S.D. Ala. 1992) (same); see also <u>Lott v. Westinghouse Savannah River Co.</u>, 200 F.R.D. 539, 559 (D.S.C. 2000).



For the above stated reasons, defendants Monsanto Company and Pharmacia Corporation respectfully request that the Southern District of New York retain venue over the cases and that the Court reissue its consolidation order coordinating the three cases for pre-trial proceedings only at this time.

Respectfully,

JAMES K. LEADER

cc:  All Counsel (By Fax)