UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
ARMAND CORLEW, VINCENT RIGGI, STEPHEN
CERNAK, JR., RUTH DEPAOLO and ANGELO
RIGGI, individually and on behalf of a class
similarly situated,

                                        Plaintiffs,

        -against-                                      07-CV-3258 (VM)

GENERAL ELECTRIC COMPANY, MONSANTO
COMPANY, PHARMACIA CORPORATION and
SOLUTIA, INC.

                                        Defendants.
-----------------------------------------------------------------

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF GENERAL ELECTRIC COMPANY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Arthur J. Siegel, Esq. (AS-5181)
BOND, SCHOENECK & KING, PLLC
111 Washington Avenue
Albany, New York 12210
Phone: (518) 533-3000
Facsimile: (518) 533-3299
Email: *asiegel@bsk.com*

Attorneys for Defendant General Electric Company

189219.1 6/29/2007

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .................................................................................................. ii

**ARGUMENT** .......................................................................................................................... 1

**POINT I**

    **PLAINTIFFS' SELF-SERVING, CONCLUSORY AFFIDAVITS DO NOT ESTABLISH THE TIMELINESS OF PLAINTIFFS' CLAIMS** ............................... 2

**POINT II**

    **PLAINTIFFS' BREACH OF WARRANTY CLAIM IS INAPPLICABLE TO GE** ........................................................................................................................... 3

**POINT III**

    **PLAINTIFFS' FRAUDULENT CONCEALMENT CAUSE OF ACTION MUST BE DISMISSED BECAUSE PLAINTIFFS' ALLEGATIONS FAIL TO COMPLY WITH THE REQUIREMENTS OF FED. R. CIV. P. 9(b).** ................................................. 4

**POINT IV**

    **PLAINTIFFS' CONCLUSORY ASSERTIONS DO NOT SATISFY THE PLEADING REQUIREMENTS TO STATE A CAUSE OF ACTION AGAINST GE FOR INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** ........ 5

**POINT V**

    **PLAINTIFFS' TENTH CAUSE OF ACTION FOR NUISANCE AND ELEVENTH CAUSE OF ACTION FOR TRESPASS FAIL TO STATE CLAIMS AND MUST BE DISMISSED** ............................................................................................................... 6

**POINT VI**

    **PLAINTIFFS' UNJUST ENRICHMENT CLAIM FAILS AS A MATTER OF LAW AND MUST BE DISMISSED** ................................................................................... 7

**POINT VII**

    **PLAINTIFFS' EIGHTH, NINTH AND THIRTEENTH CAUSE OF ACTION ARE NOT RECOGNIZED AS INDEPENDENT CAUSES OF ACTION AND SHOULD BE DISMISSED** ............................................................................................................... 8

**CONCLUSION** ...................................................................................................................... 9

189219.1 6/29/2007

# TABLE OF AUTHORITIES

## CASES

Askey v. Occidental Chem. Corp.,
    102 A.D.2d 130, 477 N.Y.S.2d 242 (4th Dep't 1984) ..................................................8

Bell Atlantic Corp. v. Trombley,
    127 S. Ct. 1955, 550 US ___ (2007)..........................................................................1

Butler v. Delaware Otsego Corp.,
    203 A.D.2d 783, 610 N.Y.S.2d 664 (3d Dep't 1994)..................................................5

City of New York v. Lead Industry Association,
    190 A.D.2d 173, 597 N.Y.S.2d 698 (1st Dep't 1993)..................................................4

Conley v. Gibson,
    355 U.S. 41 (1957).....................................................................................................1

Copart Industrial v. Consolidated Edison Co.,
    41 N.Y.2d 564, 394 N.Y.S.2d 169 (1977)..................................................................6

Dana v. Oak Park Marina, Inc.,
    230 A.D.2d 204, 660 N.Y.S.2d 906 (4th Dep't 1997) ................................................5

Invamed, Inc. v. Barr Labs, Inc.,
    22 F. Supp. 2d 210 (S.D.N.Y. 1998)..........................................................................1

Jones v. Utilities Painting Corp.,
    198 A.D.2d 268, 603 N.Y.S.2d 546 (2d Dep't 1993)..................................................9

Leeds v. Meltz,
    85 F.3d 51 (2d Cir. 1996)...........................................................................................1

In re Methyl Butyl Ether ("MTBE") Products Liability Litigation,
    379 F. Supp. 2d 348 (S.D.N.Y. 2005).........................................................................5

Phillips v. Sun Oil Co.,
    307 N.Y. 328, 121 N.E.2d 249 (1954).......................................................................6

Reading International, Inc. v. Oaktree Capital Mgmt. LLC,
    317 F. Supp. 2d 301 (S.D.N.Y. 2003)....................................................................7, 8

Redtail Leasing v. Thrasher (In re Motel 6 Sec. Litigation),
    Nos. 93-2183, 93-2866, 1997 U.S. Dist. LEXIS 3909 (S.D.N.Y. April 2,
    1997) ..........................................................................................................................8

Rocanova v. Equitable Life Assur. Soc'y,
   83 N.Y.2d 603, 612 N.Y.S.2d 339 (1994) ..........................................................................8

Scribner v. Summers,
   84 F.3d 554 (2d Cir. 1996) ...............................................................................................6

South Road Associates v. International Bus. Mach. Corp.,
   216 F.3d 251 (2d Cir. 2000) .............................................................................................1

Tissenbaum v. Aerovias Nacionales De Colombia, S.A. (In re Air Crash Disaster
at Cove Neck),
   885 F. Supp. 434 (E.D.N.Y. 1995) ..............................................................................5 n.3

## **OTHER**

N.Y.C.P.L.R. § 214-c(2) ............................................................................................................2

New York Uniform Commercial Code § 2-725(2) ...................................................................3

New York Uniform Commercial Code § 2-318 .......................................................................3

Defendant General Electric Company ("GE"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(b), submits this reply memorandum of law in further support of its motion to dismiss plaintiffs Armand Corlew, Vincent Riggi, Stephen Cernak, Jr., Ruth DePaolo and Angelo Riggi's (collectively referred to as "plaintiffs") complaint.

## ARGUMENT

"To survive a motion for dismissal under Rule 12(b)(6), the complaint must allege facts that, if true, would create a judicially cognizable cause of action." South Road Assocs. v. International Bus. Mach. Corp., 216 F.3d 251, 253 (2d Cir. 2000). "While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Moreover, each element of each cause of action must be adequately alleged in order for a party to escape dismissal. See, e.g., Invamed, Inc. v. Barr Labs., Inc., 22 F. Supp. 2d 210, 217 (S.D.N.Y. 1998).

Several weeks ago, the Supreme Court in Bell Atlantic Corp. v. Trombley, 127 S. Ct. 1955, 550 US _____ (2007) overruled the principle first articulated in Conley v. Gibson, 355 U.S. 41 (1957), that a motion to dismiss will succeed only if under "not set of facts" would Plaintiff prevail. Plaintiffs under Bell Atlantic must now plead "more than labels and conclusions", or a "formulaic recitations of the elements of the cause of action", 127 S. Ct. at 1965. The facts alleged must be more than speculative and provide "plausible grounds" to infer the existence of a cause of action. Facts which create just a suspicion of a legal right are insufficient. Id.

As set forth below and in GE's earlier submissions, plaintiffs' Complaint is replete with labels, conclusions, formulaic recitations and suspicions, all of which together

simply do not satisfy the clearly articulated test in Bell Atlantic. Accordingly, GE's motion to dismiss Plaintiffs' Complaint should be granted.

## POINT I

### PLAINTIFFS' SELF-SERVING, CONCLUSORY AFFIDAVITS DO NOT ESTABLISH THE TIMELINESS OF PLAINTIFFS' CLAIMS

AS limited by plaintiffs' allegations in the Complaint (Complaint ¶¶ 37, 38, 40), GE maintains that 2003 is the latest possible date that plaintiffs, through the exercise of reasonable diligence, should have discovered their purported injuries.[1] Accordingly, plaintiffs' negligence, strict liability, negligent infliction of emotional distress, abnormally dangerous activity, nuisance, trespass and intentional infliction of emotional distress causes of action, are time barred since this action was not commenced until March 2007 – more than three years after the completion of the remedial investigation. See N.Y. C.P.L.R. § 214-c(2) (the three year limitations period for latent injuries to person or property caused by exposure to harmful substances begins on the date the injury is discovered or the date when the injury should have been discovered by a reasonably diligent plaintiff, whichever date is earlier).

In opposition, plaintiffs have submitted the affidavits of Armand Corlew, Vincent Riggi, Stephen Cernak, Jr., Ruth DePaolo and Angelo Riggi. These affidavits state in pertinent part that plaintiffs were "not aware that PCBs contamination [their] property until [they were] advised of the results of testing of soil samples collected from [their] property on or about April 20, 2006 [and were] thereafter advised of the results which revealed elevated levels of PCBs." Plaintiffs also allege that the first time they "learned that a potential health problem existed was when [they were] advised of blood serum testing for PCBs . . . [which were] collected on March

---

[1] As alleged by plaintiffs, in 2003 the remedial investigation was completed at GE's "Main Plant" in Schenectady, New York. The purpose of the remedial investigation, as alleged by plaintiffs, was to "determine the nature and extent of contamination resulting from prior manufacturing and disposal operations at the site." Complaint ¶ 38.

2

14, 2007."[2] Notably absent from these affidavits are any supporting documents for plaintiffs' conclusory assertions that "soil samples" or "blood serum testing" was actually conducted. Accordingly, plaintiffs' conclusory, self-serving affidavits, all of which lack documentary support, do not provide a sufficient basis for the Court to rule as a matter of law that plaintiffs' claims are timely. As such, plaintiffs' negligence, strict liability, negligent infliction of emotional distress, abnormally dangerous activity, nuisance, trespass and intentional infliction of emotional distress causes of action, are time barred and should be dismissed.

## POINT II

### PLAINTIFFS' BREACH OF WARRANTY CLAIM IS INAPPLICABLE TO GE

Plaintiffs maintain, at pages 39-41 of their memorandum of law, that their breach of warranty claim, as set forth in their second cause of action, is not time barred because New York Uniform Commercial Code § 2-725(2) "establishes a discovery rule that pertains to express warranties relating to future performance." Even if plaintiffs' application of the "discovery rule" to their breach of warranty claim is correct, New York Uniform Commercial Code's warranty claims only relate to transactions between sellers and buyers. Plaintiffs concede in their Complaint that GE was not the seller or manufacturer of the PCBs that have allegedly caused plaintiffs' property damage and personal injury. GE recognizes that pursuant to UCC § 2-318, a "seller's warranty whether express or implied extends to any natural person if it is reasonable to expect that such person may . . . be affected by the goods and who is injured . . . ." However,

---

[2] Plaintiffs' counsel commenced the instant action on or about March 13, 2007. In the Complaint, dated March 6, 2007, plaintiffs' seek compensatory and punitive damages against GE totaling $396 billion dollars – some of which is attributable to the diminution in value of plaintiffs' real property and the remainder of which is attributable to personal injury. GE finds it rather curious that plaintiffs' counsel commenced this action prior to actually having any proof that his clients even had a "potential health problem."

this provision is inapplicable because GE was not, as a matter of law, the "seller" of the PCBs in question. Accordingly, plaintiffs' second cause of action for breach of warranty must be dismissed.

**POINT III**

**PLAINTIFFS' FRAUDULENT CONCEALMENT CAUSE
OF ACTION MUST BE DISMISSED BECAUSE
PLAINTIFFS' ALLEGATIONS FAIL TO COMPLY WITH
THE REQUIREMENTS OF FED. R. CIV. P. 9(b).**

In response to GE's argument that plaintiffs' fraudulent concealment cause of action should be dismissed due to plaintiffs' failure to allege the existence of a fiduciary relationship with GE, plaintiffs cite City of New York v. Lead Industry Association for the proposition that "[m]isrepresentations of safety to the public at large, for the purpose of influencing the marketing of a product known to be defective, gives rise to a separate cause of action for fraud." 190 A.D.2d 173, 177, 597 N.Y.S.2d 698 (1st Dep't 1993). Plaintiffs insist that it is not necessary to "allege a special fiduciary or business relationship with . . . GE in order to maintain a claim for fraud." Pls.' Mem. p. 11. However, at no point in time did GE <u>ever</u> manufacture, market or sell PCBs. Furthermore, plaintiffs do not even allege that GE manufactured, marketed or sold PCBs. Rather, plaintiffs merely claim that GE bought PCBs from Monsanto and used them in their manufacturing operations of unrelated products. <u>See</u> Complaint ¶ 34, 141. Accordingly, the exception relied upon by plaintiffs is inapplicable to GE. For the reasons cited in GE's original memorandum of law and the reasons cited herein, plaintiffs' fraudulent concealment cause of action must be dismissed.

4

189219.1 6/29/2007

## POINT IV

**PLAINTIFFS' CONCLUSORY ASSERTIONS DO NOT SATISFY
THE PLEADING REQUIREMENTS TO STATE A
CAUSE OF ACTION AGAINST GE FOR INTENTIONAL
OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

It has been held that "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress." In re Methyl Butyl Ether ("MTBE") Products Liability Litigation, 379 F.Supp 2d 348, 430 (S.D.N.Y. 2005), *citing*, Dana v. Oak Park Marina, Inc., 230 A.D.2d 204, 208, 660 N.Y.S.2d 906 (4th Dep't 1997). In order to prevail on a claim of intentional infliction of emotional distress, plaintiffs must establish that the purported conduct in question was "extreme and outrageous conduct so transcending the bounds of decency as to be regarded as atrocious and intolerable in a civilized society." Butler v. Delaware Otsego Corp., 203 A.D.2d 783, 785, 610 N.Y.S.2d 664 (3d Dep't 1994). Completely absent from plaintiffs' Complaint are any allegations that rise to such a level. Rather, plaintiffs merely allege, in conclusory fashion, that they have "sustained extreme emotional distress and mental anguish." Complaint ¶¶ 181, 185. Due to the utter lack of any facts indicating that GE's alleged conduct "transcend[ed] the bounds of decency as to be regarded as atrocious and intolerable," plaintiffs' fifth and sixth causes of action should be dismissed as a matter of law.[3] Id.

---

[3] To establish a negligent infliction of emotional distress claim plaintiffs must also allege that GE breached a duty owed to them. See Tissenbaum v. Aerovias Nacionales De Colombia, S.A. (In re Air Crash Disaster at Cove Neck), 885 F. Supp. 434, 438-39 (E.D.N.Y. 1995). Plaintiffs, nowhere in their Complaint or opposition papers, allege "the existence of a duty owed directly to the claimant by one from whom recovery is sought." Id. at 439.

5

189219.1 6/29/2007

## POINT V

## PLAINTIFFS' TENTH CAUSE OF ACTION FOR NUISANCE AND ELEVENTH CAUSE OF ACTION FOR TRESPASS FAIL TO STATE CLAIMS AND MUST BE DISMISSED

Plaintiffs rely upon the allegations that GE's conduct "caused the unreasonable emission, disposal and release of dangerous and toxic PCBs onto plaintiffs' properties" (Complaint ¶ 202) and that GE's conduct "has resulted in an entry and intrusion onto the properties of the plaintiffs without privilege, permission, invitation, or justification" (Id. at ¶ 213) to support their claim that GE's conduct was "intentional." In this way, plaintiffs attempt to satisfy the pleading requirements for private nuisance and trespass causes of action. For purposes of a private nuisance cause of action, "[a]n invasion of another's interest in the use and enjoyment of land is intentional when the actor (a) acts for the purpose of causing it; or (b) knows that it is resulting or is substantially certain to result from his conduct." Copart Indus., v. Consolidated Edison Co., 41 N.Y.2d 564, 571, 394 N.Y.S.2d 169 (1977), *citing* Restatement of Torts, 2d, § 825. Similarly, a purported trespasser "must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he willfully does." Phillips v. Sun Oil Co., 307 N.Y. 328, 331, 121 N.E.2d 249, 251(1954); see also Scribner v. Summers, 84 F.3d 554, 557 (2d Cir. 1996)

Notwithstanding plaintiffs' assertion that their allegations satisfy the "intentionality prong" of a nuisance or trespass claim, notably absent from plaintiffs' nuisance and trespass causes of action are any allegations that GE intended that the PCBs exist on plaintiffs' property or that the inevitable consequence of GE's alleged discharge of PCBs was

6

that they would exist on plaintiffs' property.[4] Rather, plaintiffs' complaint is riddled with conclusory, unsubstantiated assertions about GE's alleged discharge of PCBs and its purported knowledge of them. Therefore, since plaintiffs have failed to satisfy the "intentionality" requirement necessary to state a claim for nuisance and trespass, plaintiffs' nuisance and trespass claims must be dismissed.

### POINT VI

### PLAINTIFFS' UNJUST ENRICHMENT CLAIM FAILS AS A MATTER OF LAW AND MUST BE DISMISSED

Plaintiffs allege in conclusory fashion that the following allegations, standing alone, are sufficient to state a claim for unjust enrichment:

> Plaintiffs have and/or will incur the cost of determining the nature and extent of contamination of their properties and the cost of restoring their properties to their pre-contaminated condition. Complaint ¶ 218.
>
> As a result of its breach, GE has been unjustly enriched in that it has the use of funds that it otherwise should have expended in fulfilling this duty. Id. at ¶ 221.

However, plaintiffs fail to refute GE's argument that "unjust enrichment is a quasi-contractual remedy," and its elements cannot be removed "from the context in which they must be viewed: as an alternative to contract, where a contractual relationship has legally failed." Reading Int'l, Inc. v. Oaktree Capital Mgmt. LLC, 317 F. Supp. 2d 301, 333-34 (S.D.N.Y. 2003) (internal quotations omitted).

Nowhere within plaintiffs' Complaint do they allege or infer that they had any contractual or quasi-contractual relationship with GE. A claim of unjust enrichment "clearly contemplate[s] that a defendant and plaintiff must have had some type of direct dealings or an

---

[4] When given the opportunity to put forth documentary evidence to support their claim that PCBs actually migrated onto plaintiffs' property, plaintiffs failed to do so, relying instead upon their own conclusory assertions that "soil samples collected . . . on or about April 20, 2006 . . . revealed elevated levels of PCBs."

7

actual, substantive relationship." Redtail Leasing v. Thrasher (In re Motel 6 Sec. Litig.), Nos. 93-2183, 93-2866, 1997 U.S. Dist. LEXIS 3909, at *21 (S.D.N.Y. April 2, 1997). Since plaintiffs do not dispute GE's interpretation of the law, and have failed to allege the existence of any contractual or quasi-contractual relationship with GE, plaintiffs' unjust enrichment claim must be dismissed. See Reading, 317 F. Supp. 2d at 334.

## POINT VII

### PLAINTIFFS' EIGHTH, NINTH AND THIRTEENTH CAUSE OF ACTION ARE NOT RECOGNIZED AS INDEPENDENT CAUSES OF ACTION AND SHOULD BE DISMISSED

Plaintiffs, at page 37 of their memorandum of law, concede that "a claim for punitive damages is not a separate cause of action in and of itself." As such, plaintiffs' thirteenth cause of action alleging "willful and wanton misconduct," which is an obvious attempt to plead punitive damages as an independent cause of action, must be dismissed.[5] See Rocanova v. Equitable Life Assur. Soc'y., 83 N.Y.2d 603, 616, 612 N.Y.S.2d 339, 344 (1994) ("A demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action.").

Additionally, plaintiffs do not dispute that their eighth cause of action for medical monitoring and ninth cause of action for fear of sustaining PCB related illnesses are not free-standing claims. Rather, plaintiffs, in Point IV of their memorandum of law, without any support state that their Complaint properly asserts such causes of action. However, these causes of action are essentially an element of plaintiffs' damages claim should they prevail at trial. See Askey v. Occidental Chem. Corp., 102 A.D.2d 130, 137, 477 N.Y.S.2d 242, 247 (4th Dep't 1984) ("future expense of medical monitoring may be recovered as an element of consequential

---

[5] Plaintiffs recognize that the proper place to assert a claim for punitive damages is in the *ad damnum* clause of their Complaint, not as a separate cause of action.

8

damages"); see also Jones v. Utilities Painting Corp., 198 A.D.2d 268, 603 N.Y.S.2d 546 (2d Dep't 1993). As such, since plaintiffs causes of action for medical monitoring and fear of sustaining PCB related illnesses are simply elements of damage, and not a set of operative facts giving rise to a separate and distinct legal right. Accordingly, these "causes of action" must be dismissed as a matter of law.

## CONCLUSION

Based upon the foregoing reasons, General Electric respectfully requests that its motion to dismiss the complaint in its entirety be granted and the Court award General Electric their reasonable expenses and attorneys' fees incurred on this motion, and for such other relief as the Court deems just and proper.

DATED: June 29, 2007

BOND, SCHOENECK & KING, PLLC

By: _____
ARTHUR J. SIEGEL (AS-5181)
111 Washington Avenue
Albany, New York 12210
Phone: (518) 533-3000
Facsimile: (518) 533-3299
*Email: asiegel@bsk.com*

Attorneys for Defendant General Electric Company