UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

ARMAND CORLEW, VINCENT RIGGI,
STEPHEN CERNAK, JR., and RUTH DEPAOLO,
individually and on behalf of a class similarly
situated,

Plaintiffs,

v.

GENERAL ELECTRIC COMPANY, MONSANTO
COMPANY, PHARMACIA CORPORATION and
SOLUTIA, INC.,

Defendants.
-------------------------------------------------------------

**GENERAL ELECTRIC
COMPANY'S ANSWER TO
PLAINTIFFS' AMENDED
VERIFIED COMPLAINT**

Civil Action No.:
07-CV-3258 (VM)

Defendant General Electric Company ("GE"), by its attorneys, Bond, Schoeneck & King, PLLC, answers plaintiffs' Amended Verified Complaint (the "complaint"), dated August 6, 2007, as follows:

## PRELIMINARY STATEMENT

GE maintains that plaintiffs' Amended Verified Complaint is in violation of Federal Rule of Civil Procedure 8(e) in that the averments contained therein are not simple, concise and direct. Rather, the averments contained therein are complex, convoluted and compound. Furthermore, GE maintains that plaintiffs' Amended Verified Complaint is in violation of Federal Rule of Civil Procedure 10(b) in that the averments contained therein are not limited to statements of a single set of circumstances. Notwithstanding plaintiffs' pleading deficiencies, GE interposes the following answer to plaintiffs' complaint.

1.      GE admits that plaintiffs have filed an Amended Complaint in what plaintiffs characterizes as a "Class Action for money damages arising out of the diminution in the value of plaintiffs' properties . . . caused by the ongoing release of . . . . PCBs from the General Electric (GE) Main Plant located in the City of Schenectady . . . ." GE denies that any of plaintiffs' properties contain highly toxic levels of PCBs, or that any such levels are attributable to GE's actions and that the value of these properties have diminished. GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 1 of plaintiffs' complaint as to where plaintiffs reside and what properties, if any, plaintiffs own and/or occupy. Lastly, GE denies all remaining allegations of paragraph 1 of plaintiffs' complaint not specifically referenced above.

2.      GE denies knowledge or information sufficient to form a belief as to the truth of the allegation as to where plaintiff Armand Corlew resides and denies all remaining allegations contained within paragraph 2 of plaintiffs' complaint.

3.      GE denies knowledge or information sufficient to form a belief as to the truth of the allegation as to where plaintiff Vincent Riggi resides and denies all remaining allegations contained within paragraph 3 of plaintiffs' complaint.

4.      GE denies knowledge or information sufficient to form a belief as to the truth of the allegation as to where plaintiff Stephen Cernak, Jr. resides and denies all remaining allegations contained within paragraph 4 of plaintiffs' complaint.

5.      GE denies knowledge or information sufficient to form a belief as to the truth of the allegation as to where plaintiff Ruth DePaolo resides and denies all remaining allegations contained within paragraph 5 of plaintiffs' complaint.

6.     GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 6 of plaintiffs' complaint.

7.     GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 7 of plaintiffs' complaint.

8.     GE admits that it is a domestic business corporation organized and existing under the laws of the State of New York but denies that its principal place of business is located at 1251 Avenues of the Americas, New York, New York.

9.     GE admits that it owns a parcel of property in the City of Schenectady and the Town of Rotterdam, referred to by plaintiffs' as the "The Main Plant" or the "Site," which is located at 1 River Road, Schenectady, New York.  GE denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 9 of plaintiffs' complaint.

10.     GE admits that it purchased PCBs from Monsanto and that these PCBs were used in the manufacture of a variety of products; GE denies that it "released, and continues to release PCBs into the air, soil, surface water and/or groundwater in, or and/or adjacent to the plaintiffs' properties thereby causing injury and damage to the plaintiffs;" GE denies knowledge or information sufficient to form a belief as to the truth of all allegations contained within paragraph 10 of plaintiffs' complaint directed against and pertaining to parties other then GE; and to the extent not specifically referenced herein, GE denies all of the remaining allegations contained within paragraph 10 of plaintiffs' complaint.

## CLASS ACTION ALLEGATIONS

11.    GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 11 of plaintiffs' complaint.

12.    GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 12 of plaintiffs' complaint.

13.    GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 13 of plaintiffs' complaint and GE maintains that to the extent the allegations contained within paragraph 13 of plaintiffs' complaint call for a legal conclusion, no response is required, but in the event a response is required, GE denies said allegations.

14.    GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 14 of plaintiffs' complaint.

15.    GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 15 of plaintiffs' complaint.

16.    GE denies the allegations contained within paragraph 16 of plaintiffs' complaint.

## JURISDICTION AND VENUE

17.    The allegations contained within paragraph 17 of plaintiffs' complaint call for a legal conclusion and as such, no response is required.

## FACTS COMMON TO ALL CAUSES OF ACTION

18.    GE admits that PCBs were manufactured by Monsanto for use in electrical transformers and other commercial purposes, but denies knowledge or information sufficient to

form a belief as to the truth of all other allegations contained within paragraph 18 of plaintiffs' complaint.

19.    GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 19 of plaintiffs' complaint.

20.    GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 20 of plaintiffs' complaint.

21.    GE admits that PCBs do not readily break down in the environment, GE maintains that plaintiff's use of the term "hazardous" calls for a legal conclusion to which no response is required and GE denies the remaining allegations contained within paragraph 21 of plaintiffs' complaint.

22.    GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 22 of plaintiffs' complaint.

23.    GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 23 of plaintiffs' complaint.

24.    GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 24 of plaintiffs' complaint.

25.    GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 25 of plaintiffs' complaint.

26.    GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 26 of plaintiffs' complaint.

27.    GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 27 of plaintiffs' complaint.

28. GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 28 of plaintiffs' complaint and refers to the alleged 1974 report of the National Institute for Occupational Safety & Health referenced herein for a true and accurate representation of the content of said report.

29. GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 29 of plaintiffs' complaint and refers to the alleged 1975 report of the United States Environmental Protection Agency referenced herein for a true and accurate representation of the content of said report.

30. GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 30 of plaintiffs' complaint.

31. GE admits that it owns a parcel of property in the City of Schenectady and the Town of Rotterdam, referred to by plaintiffs' as the "The Main Plant" or the "Site," which is located at 1 River Road, Schenectady, New York. GE denies knowledge or information sufficient to form a belief as to the truth of all remaining allegations contained within paragraph 31 of plaintiffs' complaint.

32. GE admits the allegations contained within paragraph 32 of plaintiffs' complaint.

33. GE maintains that plaintiff's use of the term "hazardous" calls for a legal conclusion to which no response is required and GE denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 33 of plaintiffs' complaint.

34.     GE denies the allegations contained within paragraph 34 of plaintiffs' complaint.

35.     GE denies the allegations contained within paragraph 35 of plaintiffs' complaint.

36.     GE admits the allegations contained within paragraph 36 of plaintiffs' complaint.

37.     GE admits the allegations contained within paragraph 36 of plaintiffs' complaint.

38.     GE admits the allegations contained within paragraph 38 of plaintiffs' complaint.

39.     GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 39 of plaintiffs' complaint.

40.     GE denies the allegations contained within paragraph 40 of plaintiffs' complaint.

41.     GE denies the allegations contained within paragraph 41 of plaintiffs' complaint.

42.     GE denies the allegations contained within paragraph 42 of plaintiffs' complaint.

43.     GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 43 of plaintiffs' complaint.

44.    GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 44 of plaintiffs' complaint and denies that GE's PCB use caused any contamination to plaintiffs' property and or damages to plaintiffs.

**AS AND FOR GE'S RESPONSE TO PLAINTIFFS'**
**FIRST CAUSE OF ACTION AGAINST MONSANTO FOR NEGLIGENCE**

45.    GE repeats and realleges its responses to paragraphs "1" through "44" of plaintiffs' complaint as if fully set forth herein.

46.    GE maintains that the allegations contained within paragraph 46 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of plaintiffs' complaint.

47.    GE maintains that the allegations contained within paragraph 47 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of plaintiffs' complaint.

48.    GE maintains that the allegations contained within paragraph 48 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of plaintiffs' complaint.

49.     GE maintains that the allegations contained within paragraph 49 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of plaintiffs' complaint.

50.     GE maintains that the allegations contained within paragraph 50 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of plaintiffs' complaint.

51.     GE maintains that the allegations contained within paragraph 51 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of plaintiffs' complaint.

52.     GE maintains that the allegations contained within paragraph 52 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of plaintiffs' complaint.

53.     GE maintains that the allegations contained within paragraph 53 of plaintiffs' complaint are directly solely against defendants other than the answering defendant

GE, such that no responsive pleading is required, but in the event a response is required, GE

denies knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 53 of plaintiffs' complaint.

54.    GE maintains that the allegations contained within paragraph 54 of

plaintiffs' complaint are directly solely against defendants other than the answering defendant

GE, such that no responsive pleading is required, but in the event a response is required, GE

denies knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 54 of plaintiffs' complaint.

55.    GE maintains that the allegations contained within paragraph 55 of

plaintiffs' complaint are directly solely against defendants other than the answering defendant

GE, such that no responsive pleading is required, but in the event a response is required, GE

denies knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 55 of plaintiffs' complaint.

56.    GE maintains that the allegations contained within paragraph 56 of

plaintiffs' complaint are directly solely against defendants other than the answering defendant

GE, such that no responsive pleading is required, but in the event a response is required, GE

denies knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 56 of plaintiffs' complaint.

57.    GE maintains that the allegations contained within paragraph 57 of

plaintiffs' complaint are directly solely against defendants other than the answering defendant

GE, such that no responsive pleading is required, but in the event a response is required, GE

denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of plaintiffs' complaint.

58.    GE maintains that the allegations contained within paragraph 58 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of plaintiffs' complaint.

59.    GE maintains that the allegations contained within paragraph 59 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of plaintiffs' complaint.

60.    GE maintains that the allegations contained within paragraph 60 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of plaintiffs' complaint.

## AS AND FOR GE'S RESPONSE TO PLAINTIFFS' SECOND CAUSE OF ACTION AGAINST MONSANTO FOR BREACH OF WARRANTY

61.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 61 of plaintiffs' complaint.

62.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 62 of plaintiffs' complaint.

63.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 63 of plaintiffs' complaint.

64.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 64 of plaintiffs' complaint.

65.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 65 of plaintiffs' complaint.

## AS AND FOR GE'S RESPONSE TO PLAINTIFFS'
## THIRD CAUSE OF ACTION AGAINST MONSANTO FOR STRICT LIABILITY

66.    GE repeats and realleges its responses to paragraphs "1" through "65" of plaintiffs' complaint as if fully set forth herein.

67.    GE maintains that the allegations contained within paragraph 67 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of plaintiffs' complaint.

68.    GE maintains that the allegations contained within paragraph 68 of plaintiffs' complaint are directly solely against defendants other than the answering defendant

GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of plaintiffs' complaint.

69.    GE maintains that the allegations contained within paragraph 69 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of plaintiffs' complaint.

70.    GE maintains that the allegations contained within paragraph 70 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of plaintiffs' complaint.

71.    GE maintains that the allegations contained within paragraph 71 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of plaintiffs' complaint.

72.    GE maintains that the allegations contained within paragraph 72 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE

denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of plaintiffs' complaint.

73.    GE maintains that the allegations contained within paragraph 73 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of plaintiffs' complaint.

74.    GE maintains that the allegations contained within paragraph 74 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of plaintiffs' complaint.

### AS AND FOR GE'S RESPONSE TO PLAINTIFFS' FOURTH CAUSE OF ACTION AGAINST MONSANTO FOR FRAUDULENT CONCEALMENT

75.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 75 of plaintiffs' complaint.

76.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 76 of plaintiffs' complaint.

14

77.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 77 of plaintiffs' complaint.

78.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 78 of plaintiffs' complaint.

79.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 79 of plaintiffs' complaint.

80.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 80 of plaintiffs' complaint.

81.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 81 of plaintiffs' complaint.

82.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 82 of plaintiffs' complaint.

83.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 83 of plaintiffs' complaint.

84.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 84 of plaintiffs' complaint.

85.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 85 of plaintiffs' complaint.

86.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 86 of plaintiffs' complaint.

87.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 87 of plaintiffs' complaint.

88.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 88 of plaintiffs' complaint.

89.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 89 of plaintiffs' complaint.

90.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 90 of plaintiffs' complaint.

## AS AND FOR GE'S RESPONSE TO PLAINTIFFS' FIFTH CAUSE OF ACTION AGAINST MONSANTO FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

91.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 91 of plaintiffs' complaint.

92.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 92 of plaintiffs' complaint.

93.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 93 of plaintiffs' complaint.

94.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 94 of plaintiffs' complaint.

## AS AND FOR GE'S RESPONSE TO PLAINTIFFS' SIXTH CAUSE OF ACTION AGAINST MONSANTO FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

95.    GE repeats and realleges its responses to paragraphs "1" through "94" of plaintiffs' complaint as if fully set forth herein.

96.    GE maintains that the allegations contained within paragraph 96 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE

denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of plaintiffs' complaint.

97.    GE maintains that the allegations contained within paragraph 97 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of plaintiffs' complaint.

98.    GE maintains that the allegations contained within paragraph 98 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of plaintiffs' complaint.

### AS AND FOR GE'S RESPONSE TO PLAINTIFFS' SEVENTH CAUSE OF ACTION AGAINST MONSANTO FOR ABNORMALLY DANGEROUS ACTIVITY

99.    GE repeats and realleges its responses to paragraphs "1" through "98" of plaintiffs' complaint as if fully set forth herein.

100.    GE maintains that the allegations contained within paragraph 100 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of plaintiffs' complaint.

101.    GE maintains that the allegations contained within paragraph 101 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of plaintiffs' complaint.

102.    GE maintains that the allegations contained within paragraph 102 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of plaintiffs' complaint.

## AS AND FOR GE'S RESPONSE TO PLAINTIFFS' EIGHTH CAUSE OF ACTION AGAINST MONSANTO FOR MEDICAL MONITORING

103.    GE repeats and realleges its responses to paragraphs "1" through "102" of plaintiffs' complaint as if fully set forth herein.

104.    GE maintains that the allegations contained within paragraph 104 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of plaintiffs' complaint.

105.    GE maintains that the allegations contained within paragraph 105 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE

denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of plaintiffs' complaint.

106.    GE maintains that the allegations contained within paragraph 106 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of plaintiffs' complaint.

107.    GE maintains that the allegations contained within paragraph 107 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of plaintiffs' complaint.

### AS AND FOR GE'S RESPONSE TO PLAINTIFFS' NINTH CAUSE OF ACTION AGAINST MONSANTO FOR FEAR OF SUSTAINING PCB RELATED ILLNESSES

108.    GE repeats and realleges its responses to paragraphs "1" through "107" of plaintiffs' complaint as if fully set forth herein.

109.    GE maintains that the allegations contained within paragraph 109 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of plaintiffs' complaint.

110.    GE maintains that the allegations contained within paragraph 110 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of plaintiffs' complaint.

111.    GE maintains that the allegations contained within paragraph 111 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of plaintiffs' complaint.

## AS AND FOR GE'S RESPONSE TO PLAINTIFFS'
## TENTH CAUSE OF ACTION AGAINST MONSANTO FOR NUISANCE

112.    GE repeats and realleges its responses to paragraphs "1" through "111" of plaintiffs' complaint as if fully set forth herein.

113.    GE maintains that the allegations contained within paragraph 113 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of plaintiffs' complaint.

114.    GE maintains that the allegations contained within paragraph 114 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE

denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of plaintiffs' complaint.

115. GE maintains that the allegations contained within paragraph 115 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of plaintiffs' complaint.

116. GE maintains that the allegations contained within paragraph 116 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of plaintiffs' complaint.

117. GE maintains that the allegations contained within paragraph 117 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of plaintiffs' complaint.

118. GE maintains that the allegations contained within paragraph 118 of plaintiffs' complaint are directly solely against defendants other than the answering defendant GE, such that no responsive pleading is required, but in the event a response is required, GE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of plaintiffs' complaint.

## AS AND FOR GE'S RESPONSE TO PLAINTIFFS'
## ELEVENTH CAUSE OF ACTION AGAINST MONSANTO FOR TRESPASS

119.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 119 of plaintiffs' complaint.

120.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 120 of plaintiffs' complaint.

121.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 121 of plaintiffs' complaint.

122.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 122 of plaintiffs' complaint.

123.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 123 of plaintiffs' complaint.

124.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 124 of plaintiffs' complaint.

125.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 125 of plaintiffs' complaint.

126.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 126 of plaintiffs' complaint.

127.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 127 of plaintiffs' complaint.

128.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 128 of plaintiffs' complaint.

### AS AND FOR GE'S RESPONSE TO PLAINTIFFS' TWELFTH CAUSE OF ACTION AGAINST MONSANTO FOR UNJUST ENRICHMENT

129.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 129 of plaintiffs' complaint.

130.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 130 of plaintiffs' complaint.

131.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 131 of plaintiffs' complaint.

132.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 132 of plaintiffs' complaint.

133.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 133 of plaintiffs' complaint.

134.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 134 of plaintiffs' complaint.

### AS AND FOR GE'S RESPONSE TO PLAINTIFFS' THIRTEENTH CAUSE OF ACTION AGAINST MONSANTO FOR WILLFUL AND WANTON MISCONDUCT

135.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 135 of plaintiffs' complaint.

136.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 136 of plaintiffs' complaint.

138.    [sic] As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 138 [sic] of plaintiffs' complaint.

137.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 137 of plaintiffs' complaint.

## AS AND FOR GE'S RESPONSE TO PLAINTIFFS'
## FIRST CAUSE OF ACTION AGAINST GE FOR NEGLIGENCE

138.    GE repeats and realleges its responses to paragraphs "1" through "137" of plaintiffs' complaint as if fully set forth herein.

139.    GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 139 of plaintiffs' complaint.

140.    GE denies the allegations contained within paragraph 140 of plaintiffs' complaint.

141.    GE denies the allegations contained within paragraph 141 of plaintiffs' complaint.

142.    GE denies the allegations contained within paragraph 142 of plaintiffs' complaint.

143.    GE denies the allegations contained within paragraph 143 of plaintiffs' complaint.

144.    GE denies the allegations contained within paragraph 144 of plaintiffs' complaint.

145.    GE denies the allegations contained within paragraph 145 of plaintiffs' complaint.

146.    GE denies the allegations contained within paragraph 146 of plaintiffs' complaint.

147.    GE denies the allegations contained within paragraph 147 of plaintiffs' complaint.

148.    GE denies the allegations contained within paragraph 148 of plaintiffs' complaint.

149.    GE denies the allegations contained within paragraph 149 of plaintiffs' complaint.

150.    GE denies the allegations contained within paragraph 150 of plaintiffs' complaint.

151.    GE denies the allegations contained within paragraph 151 of plaintiffs' complaint.

152.    GE denies the allegations contained within paragraph 152 of plaintiffs' complaint.

153.    GE denies the allegations contained within paragraph 153 of plaintiffs' complaint.

## AS AND FOR GE'S RESPONSE TO PLAINTIFFS' SECOND CAUSE OF ACTION AGAINST GE FOR BREACH OF WARRANTY

154.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 154 of plaintiffs' complaint.

155.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 155 of plaintiffs' complaint.

156.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 156 of plaintiffs' complaint.

157.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 157 of plaintiffs' complaint.

158.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 158 of plaintiffs' complaint.

## AS AND FOR GE'S RESPONSE TO PLAINTIFFS' THIRD CAUSE OF ACTION AGAINST GE FOR STRICT LIABILITY

159.    GE repeats and realleges its responses to paragraphs "1" through "158" of plaintiffs' complaint as if fully set forth herein.

160.    GE denies the allegations contained within paragraph 160 of plaintiffs' complaint.

161.    GE denies the allegations contained within paragraph 161 of plaintiffs' complaint.

162.    GE denies the allegations contained within paragraph 162 of plaintiffs' complaint.

163.    GE denies the allegations contained within paragraph 163 of plaintiffs' complaint.

164.    GE denies the allegations contained within paragraph 164 of plaintiffs' complaint.

165.    GE denies the allegations contained within paragraph 165 of plaintiffs' complaint.

166.    GE denies the allegations contained within paragraph 166 of plaintiffs' complaint.

167.    GE denies the allegations contained within paragraph 167 of plaintiffs' complaint.

### AS AND FOR GE'S RESPONSE TO PLAINTIFFS' FOURTH CAUSE OF ACTION AGAINST GE FOR FRAUDULENT CONCEALMENT

168.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 168 of plaintiffs' complaint.

169.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 169 of plaintiffs' complaint.

170.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 170 of plaintiffs' complaint.

171.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 171 of plaintiffs' complaint.

172.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 172 of plaintiffs' complaint.

173.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 173 of plaintiffs' complaint.

174.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 174 of plaintiffs' complaint.

175.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 175 of plaintiffs' complaint.

176.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 176 of plaintiffs' complaint.

### AS AND FOR GE'S RESPONSE TO PLAINTIFFS' FIFTH CAUSE OF ACTION AGAINST GE FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

177.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 177 of plaintiffs' complaint.

178.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 178 of plaintiffs' complaint.

179.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 179 of plaintiffs' complaint.

180.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 180 of plaintiffs' complaint.

**AS AND FOR GE'S RESPONSE TO PLAINTIFFS'
SIXTH CAUSE OF ACTION AGAINST GE FOR
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

181.    GE repeats and realleges its responses to paragraphs "1" through "180" of plaintiffs' complaint as if fully set forth herein.

182.    GE denies the allegations contained within paragraph 182 of plaintiffs' complaint.

183.    GE denies the allegations contained within paragraph 183 of plaintiffs' complaint.

184.    GE denies the allegations contained within paragraph 184 of plaintiffs' complaint.

**AS AND FOR GE'S RESPONSE TO PLAINTIFFS'
SEVENTH CAUSE OF ACTION AGAINST GE FOR
ABNORMALLY DANGEROUS ACTIVITY**

185. GE repeats and realleges its responses to paragraphs "1" through "184" of plaintiffs' complaint as if fully set forth herein.

186. GE denies the allegations contained within paragraph 186 of plaintiffs' complaint.

187. GE denies the allegations contained within paragraph 187 of plaintiffs' complaint.

188. GE denies the allegations contained within paragraph 188 of plaintiffs' complaint.

**AS AND FOR GE'S RESPONSE TO PLAINTIFFS'
EIGHTH CAUSE OF ACTION AGAINST GE FOR MEDICAL MONITORING**

189. GE repeats and realleges its responses to paragraphs "1" through "188" of plaintiffs' complaint as if fully set forth herein.

190. GE denies the allegations contained within paragraph 190 of plaintiffs' complaint.

191. GE denies the allegations contained within paragraph 191 of plaintiffs' complaint.

192. GE denies the allegations contained within paragraph 192 of plaintiffs' complaint.

193. GE denies the allegations contained within paragraph 193 of plaintiffs' complaint.

### AS AND FOR GE'S RESPONSE TO PLAINTIFFS'
### NINTH CAUSE OF ACTION AGAINST GE FOR
### FEAR OF SUSTAINING PCB RELATED ILLNESSES

194.    GE repeats and realleges its responses to paragraphs "1" through "193" of plaintiffs' complaint as if fully set forth herein.

195.    GE denies the allegations contained within paragraph 195 of plaintiffs' complaint.

196.    GE denies the allegations contained within paragraph 196 of plaintiffs' complaint.

197.    GE denies the allegations contained within paragraph 197 of plaintiffs' complaint.

### AS AND FOR GE'S RESPONSE TO PLAINTIFFS'
### TENTH CAUSE OF ACTION AGAINST GE FOR NUISANCE

198.    GE repeats and realleges its responses to paragraphs "1" through "197" of plaintiffs' complaint as if fully set forth herein.

199.    GE denies knowledge or information sufficient to form a belief as to the truth of plaintiffs' allegation that plaintiffs had "lawful possession of their properties" and denies all remaining allegations contained within paragraph 199 of plaintiffs' complaint.

200.    GE denies the allegations contained within paragraph 200 of plaintiffs' complaint.

201.    GE denies the allegations contained within paragraph 201 of plaintiffs' complaint.

202.    GE denies the allegations contained within paragraph 202 of plaintiffs' complaint.

203.    GE denies the allegations contained within paragraph 203 of plaintiffs' complaint.

204.    GE denies the allegations contained within paragraph 204 of plaintiffs' complaint.

## AS AND FOR GE'S RESPONSE TO PLAINTIFFS' ELEVENTH CAUSE OF ACTION AGAINST GE FOR TRESPASS

205.    GE repeats and realleges its responses to paragraphs "1" through "204" of plaintiffs' complaint as if fully set forth herein.

206.    GE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 206 of plaintiffs' complaint

207.    GE denies the allegations contained within paragraph 207 of plaintiffs' complaint.

208.    GE denies the allegations contained within paragraph 208 of plaintiffs' complaint.

209.    GE denies the allegations contained within paragraph 209 of plaintiffs' complaint.

210.    GE denies the allegations contained within paragraph 210 of plaintiffs' complaint.

211.    GE denies the allegations contained within paragraph 211 of plaintiffs' complaint.

212.    GE denies the allegations contained within paragraph 212 of plaintiffs' complaint.

213.    GE denies the allegations contained within paragraph 213 of plaintiffs' complaint.

214.    GE denies the allegations contained within paragraph 214 of plaintiffs' complaint.

## AS AND FOR GE'S RESPONSE TO PLAINTIFFS'
## TWELFTH CAUSE OF ACTION AGAINST GE FOR UNJUST ENRICHMENT

215.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 215 of plaintiffs' complaint.

216.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 216 of plaintiffs' complaint.

217.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 217 of plaintiffs' complaint.

218.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 218 of plaintiffs' complaint.

219.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 219 of plaintiffs' complaint.

220.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 220 of plaintiffs' complaint.

## AS AND FOR GE'S RESPONSE TO PLAINTIFFS' THIRTEENTH CAUSE OF ACTION AGAINST GE WILLFUL AND WANTON MISCONDUCT

221.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 221 of plaintiffs' complaint.

222.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 222 of plaintiffs' complaint.

223.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 223 of plaintiffs' complaint.

224.    As a result of the district court's November 2, 2007 Decision and Order dismissing this cause of action from plaintiffs' complaint, no response is required to the allegations contained within paragraph 224 of plaintiffs' complaint.

## AS AND FOR GE'S RESPONSE TO PLAINTIFFS' FOURTEENTH CAUSE OF ACTION AGAINST GE FOR CERCLA COST RECOVERY, 42 U.S.C. § 9601 et seq.

225.    GE repeats and realleges its responses to paragraphs "1" through "224" of plaintiffs' complaint as if fully set forth herein.

226.    GE maintains that the allegations contained within paragraph 226 of plaintiffs' complaint call for a legal conclusion to which no response is required, to the extent a response is required, GE denies the allegations contained therein.

227.    GE maintains that the allegations contained within paragraph 227 of plaintiffs' complaint call for a legal conclusion to which no response is required.

228.    GE maintains that the allegations contained within paragraph 228 of plaintiffs' complaint call for a legal conclusion to which no response is required.

229.    GE maintains that the allegations contained within paragraph 229 of plaintiffs' complaint call for a legal conclusion to which no response is required, to the extent a response is required, GE denies the allegations contained therein.

230.    GE denies the allegations contained within paragraph 230 of plaintiffs' complaint.

231.    GE maintains that the allegations contained within paragraph 231 of plaintiffs' complaint call for a legal conclusion to which no response is required, to the extent a response is required, GE denies the allegations contained therein.

232.    GE maintains that the allegations contained within paragraph 232 of plaintiffs' complaint call for a legal conclusion to which no response is required, to the extent a response is required, GE denies the allegations contained therein.

233.    GE denies the allegations contained within paragraph 233 of plaintiffs' complaint.

All allegations, if any, for which no response was provided, are denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

234.    The remaining causes of action in plaintiffs' complaint directed against GE fail to state causes of action against GE upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

235.    Some or all of plaintiffs' remaining causes of action directed against GE may not have been commenced within the time limits required by the State of New York, and therefore may be barred by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

236.    Plaintiffs' claims are barred in whole or in part by the doctrine of laches, waiver and/or equitable estoppel.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

237.    GE conducted its business activities in compliance with all applicable laws, rules, regulations and ordinances.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

238.    Whatever injuries or damages plaintiffs may have sustained at the time and place alleged in the complaint were caused, in whole or in part, or contributed to by the culpable conduct and want of care on the part of the plaintiffs and without any negligence or want of care on the part of GE.

239.    Plaintiffs should be barred from recovery by reason of the fact that their injuries were entirely the result of their own culpable conduct, or in the event that plaintiffs are

entitled to recover the amount of damages otherwise recoverable, said damages should be diminished in proportion to the their culpable conduct.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

240.    Any recovery obtained by plaintiffs in this action should be reduced in accordance with General Obligations Law § 15-108 by the amount of any settlements obtained from other alleged tortfeasors or by the amount of their equitable share of liability, whichever is greater.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

241.    Upon information and belief, plaintiffs failed to take reasonable and prudent measures necessary and proper to mitigate whatever damages they may have sustained as a result of the acts or omissions complained of in the complaint.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

242.    The incident complained of in the complaint and the alleged damages, if any, were caused by the culpable or other tortuous conduct of parties, persons or entities over whom GE exercises no supervision or control.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

243.    The incident complained of in the complaint and the alleged damages, if any, were caused by the culpable or other tortuous conduct of parties, persons or entities over whom GE exercised no supervision or control.

244.    GE, if liable at all in this matter, is 50% or less liable and as such, its liability to the plaintiffs for non-economic loss shall not exceed its equitable share determined in accordance with the relative culpability of each person or entity causing or contributing to the

total liability for non-economic loss pursuant to Article 16 of the New York State Civil

Procedure Law and Rules.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

245.    The proximate causes of the incidents complained of in the complaint

were intervening, superseding causes, which absolve GE of any and all liability.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

246.    If any plaintiffs and/or their property was exposed to PCBs, which GE

denies, such exposure was of a *de minimus* nature and could not, within a reasonable degree of

certainty, be the legal and proximate cause of, or a substantial factor to, plaintiffs' alleged

injuries.

### AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

247.    Plaintiffs' claims are barred by the doctrine of assumption of risk.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

248.    Plaintiffs' demand for punitive damages, if granted, would be grossly

excessive and would violate the United States and New York State Constitutions.  The damages

that plaintiffs seek are disproportionate to any actual damages that they may have incurred and

the acts of GE, as alleged in the complaint, were not and are not willful, wanton, malicious,

reckless, fraudulent or done with a conscious disregard for the rights of plaintiffs.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

249.    GE's conduct was at all times in conformity with the generally recognized

state of scientific, medical and technological knowledge that existed at the time that it allegedly

used PCBs in its manufacturing processes and its alleged use and handling of PCBs was at all times in conformance with applicable industry standards.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

250.    Plaintiffs' alleged injuries or damages, if any, were caused or contributed to by factors other then alleged exposure to allegedly PCBs that were allegedly used by GE at the Main Plant, including but not limited to, substances manufactured, distributed or sold by entities other then defendants GE or Monsanto, for which those entities are entirely or proportionately liable, and assignment should be made for the percentage of the total alleged injuries or damages caused by entities other then GE.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

251.    Plaintiffs remaining causes of action against GE are barred in whole or in part by the risk/utility doctrine.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

252.    Plaintiffs have improperly joined claims of multiple plaintiffs and GE reserves its right to request that the individual claims be severed and tried separately.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

253.    GE hereby asserts, and does not waive, all other affirmative defenses enumerated or referred to by Fed. R. Civ. P. 8(c) or CPLR § 3018(b).

WHEREFORE, defendant General Electric Company demands judgment dismissing the remaining causes of action in plaintiffs' complaint directed against GE, costs and

disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: November 16, 2007

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC
Attorneys for Defendant General Electric Company

By: _____
Arthur J. Siegel (AS5181)
Office & P.O. Address
111 Washington Avenue
Albany, New York 12210
Telephone: (518) 533-3000

TO:   Lawrence P. Biondi
      Attorneys for Plaintiff
      Law Offices of Lawrence P. Biondi
      81 Main Street – Suite 504
      White Plains, NY  10601

cc:   James K. Leader
      Thomas K. Richards
      Leader & Berkon, LLP
      Attorneys for Solutia, Inc.
      630 Third Avenue, 17th Floor
      New York, NY  10017

      Thomas M. Carney
      Kenneth R. Heineman
      Carol A. Rutter
      Adam Miller
      Mark G. Arnold
      Husch & Eppenberger, LLC
      Attorneys for Monsanto Company and Pharmacia Corporation
      The Plaza in Clayton Office Tower
      190 Carondelet Plaza, Suite 600
      St. Louis, MO   63105

197649.1