UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 6/9/08

——————————————————X

ARMAND CORLEW, et al.,

Plaintiffs,

-against-

06CV 0266 (VM/AJP)
(formerly 07 Civ. 3258)

GENERAL ELECTRIC COMPANY, et al.

Defendants

——————————————————X

## ~~DEFENDANTS' PROPOSED~~ AMENDED SCHEDULING ORDER     AP

After conducting status conferences on April 15, June 2 and June 13, 2008, and reviewing the Stipulated Scheduling Order entered on November 15, 2007, the proposed Revised Stipulated Scheduling Order submitted jointly on April 25, 2008 and the separate submissions of counsel for Plaintiffs and counsel for Defendants submitted on June 6, 2008, the Court issues the following Amended Scheduling Order (this supersedes all prior scheduling orders):

1. This Case Management Order ("Order") shall govern the practices and procedures of the Corlew putative class action, which involves the claims of four named Plaintiffs seeking to represent a class of all individuals and entities who owned and/or occupied property within a five mile radius of a 628 acre General Electric Plant site in Schenectady, New York ("G.E. Schenectady").

2. A Separate Order shall govern the practices and procedures in the related cases styled Abbatiello, et al. v. Monsanto Company, et al. (personal injury claims against the Pharmacia Defendants by current employees of G.E. Schenectady alleging

exposure to Polychlorinated Biphenyls ("PCBs") during their employment); and <u>Abele, et al. v. Monsanto Company</u>, et al. (formerly 06 CV 3461 (VM)), currently 06 CV 0266 (VM) (personal injury claims against the Pharmacia Defendants by former employees of G.E. Schenectady alleging exposure to PCBs during their employment). Together, <u>Abbatiello</u> and <u>Abele</u> involve approximately 1,000 named Plaintiffs. G.E. is a party only to the <u>Corlew</u> putative class action brought by area property owners/occupiers.

3.   The <u>Corlew</u> Plaintiffs seek damages on behalf of themselves and the putative class due to alleged PCB contamination emanating from G.E. Schenectady. They have pleaded a number of legal theories, including product liability, negligence, trespass, and nuisance. The <u>Corlew</u> Plaintiffs seek damages, *inter alia*, for allegedly diminished property values, emotional distress and personal injuries.

4.   For judicial efficiency, during the first phase of this litigation as set forth in this Order, the Parties will focus their efforts on issues relating to whether the named Plaintiffs can make prima facie cases for their pleaded causes of action, and whether Plaintiffs' property diminution and/or personal injury, "fear of cancer or disease", medical monitoring, emotional distress and related claims should or should not be certified as representative of a class and on other issues relating to class certification under F.R.C.P. 23.

5.   Intentionally left blank.

6.   **Prima Facie Case/Class Certification Discovery Schedule.** With respect to this phase of the proceedings, the Parties shall adhere to the following schedule and procedures (subject to the rights of all Parties to seek future modifications thereof).

7.   On January 21, 2008, the Parties made their Initial Disclosures pursuant to

2

Rule 26(a)(1) (A) – (D).

8. – 9. Additional disclosure obligations of the named Plaintiffs are governed by Paragraphs 8 and 9 of the Case Management Order entered on November 15, 2008.

10. Plaintiffs' answers and objections to Defendants' written discovery requests in accordance with F.R.C.P. 33 and 34 were due on January 21, 2008.

11. Defendants' answers and objections to Plaintiffs' written discovery requests in accordance with F.R.C.P. 33 and 34 were due on February 26, 2008. Plaintiffs also shall have the right to take a reasonable number of depositions of G.E. and the Pharmacia Defendants for the purpose of inquiring about Defendants' knowledge of the nature and characteristics of PCBs, and for the purpose of seeking to prove that any levels of PCBs allegedly on Plaintiffs' properties allegedly emanated from G.E. Schenectady, and were manufactured, sold and distributed by the Pharmacia Defendants.

12. – 14. Paragraphs 12, 13 and 14 of the Scheduling Order entered November 15, 2007 address blood and fat and environmental sampling.

15 A. **On July 21, 2008**, Parties and other fact witness depositions commence as well as other discovery permitted under the Federal Rules of Civil Procedure.

15 B. **By October 17, 2008**, each of the named Plaintiffs, if any, who is making a personal injury claim shall provide an affidavit of a qualified medical expert setting forth any diagnosis, conclusion or opinion that any past or present injury, illness, condition and/or disease of each individual Plaintiff was caused by exposure to PCBs, and the scientific, medical and other bases for the expert's opinions, including all medical examinations, testing or treatment of each Plaintiff and all other data or information including, but not limited to medical records, relied upon or considered by the expert in

3

forming the opinions. These expert affidavits must be prepared in compliance with F.R.C.P. 26(a)(2).

16.　**By October 17, 2008,** each of the named Plaintiffs who is making a medical monitoring or risk or fear of cancer or disease claim shall provide an affidavit of a qualified medical expert setting forth any conclusion or opinion that, due to exposure to PCBs, such Plaintiff has a significantly increased risk of developing in the future any presently undiagnosed or latent injury, illness, condition and/or disease and a resulting present need for periodic diagnostic exams, and the scientific, medical and other bases for the expert's opinions, and all data or other information including, but not limited to, medical records, relied upon or considered by the expert in forming the opinions. These expert affidavits must be prepared in compliance with F.R.C.P. 26(a)(2).

17.　**By October 17, 2008,** each of the named Plaintiffs who is making a property damage or diminution in property value claim shall provide an affidavit of a qualified expert setting forth any conclusion or opinion that such Plaintiff has sustained property damage or diminution in property values due to PCBs, and the scientific, and other bases for the expert's opinions, and all data or other information relied upon or considered by the expert in forming the opinions. These expert affidavits must be prepared in compliance with F.R.C.P. 26(a)(2).

18.　**By October 17, 2008,** each of the named Plaintiffs who is making a property damage or diminution in property damage claim shall provide an affidavit of a qualified expert (e.g., environmental chemists, soil scientists, hydrogeologists, air dispersion modeler) setting forth a conclusion that the source of PCBs (if any) present on each Plaintiffs' property came from Defendant(s)' alleged activities at G.E. Schenectady

4

and demonstrating a scientifically reliable transport pathway from G.E. Schenectady to each Plaintiffs' property. Each such affidavit shall set forth the scientific, medical and other bases for the expert's opinions, and all data or other information relied upon or considered by the expert in forming the opinions. These expert affidavits must be prepared in compliance with F.R.C.P. 26(a)(2).

19.    **By October 17, 2008**, if Plaintiffs still intend to pursue class certification, they shall file and serve a detailed proposed class definition for personal injury, medical monitoring, and property/stigma damage putative classes, including how and why their action meets the prerequisites to a class action as identified in F.R.C.P. 23, however, Plaintiff is not bound by the parameters of this preliminary proposed class definition.

20.    **By October 17, 2008**, Plaintiffs shall identify with specificity all fact witnesses upon whose testimony (whether as a live witness or via affidavit) they intend to rely in support of class certification. By October 17, 2008, if Plaintiffs intend to offer proof through any expert witness in support of class certification, plaintiffs shall submit to Defendants an affidavit and report in compliance with F.R.C.P. 26(a)(2) for each such class certification expert.

21.    G.E. and the Pharmacia Defendants shall have **until January 15, 2009**, to depose the expert witnesses identified by the named Plaintiffs on October 17, 2008, pursuant to Paragraphs 15 – 18 above.

22.    **By January 30, 2009**, the Defendants may serve reports of experts or other witnesses to rebut the opinions and conclusions contained in the Plaintiffs' Paragraph 15, 16, 17 and 18 submissions. Reports of opinion witnesses, if any, disclosed by Defendants pursuant to this Paragraph shall be prepared in compliance with F.R.C.P.

5

26(a)(2).

23.    **By January 30, 2009**, G.E. and the Pharmacia Defendants shall identify with specificity all fact witnesses upon whose testimony (whether as a live witness or via affidavit) they intend to rely in opposition to class certification. **By January 30, 2009**, if Defendants intend to offer proof through any expert witness in opposition to class certification, Defendants shall submit to Plaintiffs an affidavit and report in compliance with F.R.C.P. 26(a)(2) for each such class certification expert.

24.    **Between January 30, 2009 – April 30, 2009**, Plaintiffs may depose any witness disclosed by Defendants pursuant to Paragraphs 22 and 23 of this Order.

25.    Due to the nature of this case, the Parties are exempted from compliance with the ten deposition limit of F.R.C.P. 30(a)(2)(A). The Parties shall cooperate in making themselves, fact witnesses, experts and other deponents under their control available for deposition and other discovery.

26.    **By May 15, 2009**, Plaintiffs shall file all submissions in support of class certification including a motion for class certification and a memorandum of law in support and any verified evidence they wish to submit in support of class certification. **By July 14, 2009**, G.E. and the Pharmacia Defendants shall serve their Suggestions in Opposition to Plaintiffs' Motion for Class Certification. **By August 14, 2009**, the Plaintiffs shall serve their Replies in Support of their Motions.

27.    **By May 15, 2009**, G.E. and/or the Pharmacia Defendants may challenge the sufficiency of the Plaintiffs' submissions required by Paragraphs 15, 16, 17 and 18 of this Order including the opinions and conclusions of any expert witness, by filing *Daubert* motions and/or motions for summary judgment, consistent with Rule 56(b) of the Federal

6

Rules of Civil Procedure, seeking the dismissal of the claims of any Plaintiff that G.E. or the Pharmacia Defendants contend has failed to demonstrate a *prima facie* claim for personal injury, medical monitoring and/or property/stigma damage. **By July 14, 2009,** Plaintiffs shall respond in compliance with the Federal Rules of Civil Procedure, including Rule 56. **By August 14, 2009,** the Defendants shall serve their Replies in Support of their Motions.

28. Following the conclusion of the above proceedings, the Court will schedule a status conference to discuss and develop with the parties a plan for appropriate coordination of the resolution of the pending *Daubert*/Summary Judgment Motions and class certification issues remaining in the case, including whether to schedule oral argument on the *Daubert*/Summary Judgment motions and/or whether and when to schedule a class certification hearing. The discovery and dispositive motion cut off date for all other aspects of the case is **November 2, 2009.**

29. The Parties retain all rights and duties imposed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence, except as expressly modified herein.

IT IS SO ORDERED:

/s/ Andrew J. Peck

HON. ANDREW J. PECK
United States Magistrate Judge

HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

Date: 6/7/08

Copies by fax & ECF to all counsel

**BY FAX**

7

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:        (212) 805-7933
Telephone No.:  (212) 805-0036

Dated:   June 9, 2008                          Total Number of Pages:   8

| TO | FAX NUMBER |
|---|---|
| Lawrence Perry Biondi, Esq. | 914-946-7372 |
| Robin L. Greenwald, Esq. | 212-344-5461 |
| James K. Leader, Esq. | 212-486-3099 |
| Carol A. Rutter, Esq. | 314-480-7505 |
| Arthur J. Siegel, Esq. | 518-533-3281 |

# TRANSCRIPTION:

[Parenthetical added at end of first paragraph]:

. . . (which supercedes all prior Scheduling Orders):